364 So.2d 72 (1978)
Dewey LIGHTSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-133.
District Court of Appeal of Florida, Second District.
November 8, 1978.
Jack O. Johnson, Public Defender, W.C. McLain and Paul C. Helm, Asst. Public Defenders, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Dewey Lightsey appeals convictions and sentences for grand larceny and breaking and entering with intent to commit a misdemeanor. He predicates his appeal in part on the trial court's denial of his motion for continuance. We find that this point has merit and reverse for a new trial.
Appellant was arrested on October 3, 1975. The information against him was not filed until February 27, 1976. Trial was set for March 29, 1976. On March 10, 1976, defense counsel filed a demand for discovery. On March 12, 1976, counsel filed a motion for a statement of particulars, which included a request for information regarding any Williams Rule evidence of which the state was aware. The state filed its initial discovery response on March 17, 1976 and a supplemental response listing five additional witnesses on March 22, 1976. Defense counsel made an oral motion for continuance on March 23, 1976, alleging, inter alia, that it would be virtually impossible for him to depose the five witnesses listed in the supplemental discovery response before the scheduled trial date.
A hearing upon defense counsel's pretrial motions was held on March 23, 1976. The trial court denied the motion for continuance. Although the state offered no explanation for its 147-day delay in filing the information against appellant, the court noted that the state attorney's office had had problems during the period in question  one assistant state attorney had committed suicide and assistants had been replaced at least twice. However, the court did comment: "I have a sneaking suspicion *73 what they were doing was waiting to try to dig up some more."
In explanation of the state's late discovery responses, the prosecutor stated at the hearing that appellant had filed a written guilty plea on March 9, 1976, which caused some confusion, and appellant had to be re-arraigned.
At this same hearing, the trial court granted the portion of the motion for a statement of particulars requesting information regarding Williams Rule evidence. The state filed a supplemental discovery response on March 25, 1976 and hand delivered the response to appellant's attorney on March 26. This response related five different occasions when boats were stolen and listed five witnesses who would testify concerning those five thefts.
Before appellant's trial began as scheduled on March 29, 1976, defense counsel submitted an amended motion for continuance. In the amended motion counsel alleged that he had been unable to depose the five additional witnesses listed in connection with Williams Rule evidence in the supplemental discovery response furnished to him on March 26 or to adequately investigate testimony which might be brought out in any such depositions. Some of these names had been previously made known to defense counsel, but not in connection with the Williams Rule evidence. Furthermore, when counsel had tried to question these witnesses regarding their knowledge of any similar fact evidence at their original depositions, they refused to answer on the ground that there was a continuing investigation in progress.
After a hearing on the amended motion for continuance, the trial court denied the motion and the trial began as scheduled. Two of the five witnesses listed in the supplemental discovery response, John Howell and Detective Lanier, testified during the trial to Williams Rule evidence.
We conclude that the trial court abused its discretion in denying appellant's motion for continuance. In Sumbry v. State, 310 So.2d 445 (Fla. 2d DCA 1975), the information was filed 171 days after the defendant's arrest. Defense counsel filed a discovery demand on the 172d day. On the 178th day, the defendant was tried and convicted. Prior to trial the defendant moved to dismiss on the ground that the state's delay in prosecuting deprived him of a reasonable time to prepare for trial. Defense counsel had learned of two potential witnesses and a fingerprint expert for the first time that morning and had not had the opportunity to depose them. The defendant declined to waive his speedy trial right by moving for a continuance. This court reversed the defendant's conviction on the ground that he was denied due process when he was not given a reasonable opportunity to prepare his defense and granted a new trial.
In the instant case, the information against appellant was not filed until 147 days after his arrest. Due to the tardiness of the state's responses to appellant's discovery demand, appellant was unable to depose certain witnesses or to complete his investigation into the facts of the case prior to trial. The cause therefore must be and is reversed and remanded for a new trial.
GRIMES, C.J., and HOBSON and OTT, JJ., concur.