535 So.2d 354 (1988)
Delmario Untrale HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-485.
District Court of Appeal of Florida, Fifth District.
December 22, 1988.
*355 Gregory W. Eisennenger, Merritt Island, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from convictions of various counts charging false imprisonment, sexual battery, theft, burglary and aggravated assault.
The pretrial history of this case involves many state-caused delays and questionable tactics. There was a mistrial granted due to state misconduct. There was more than one nolle-prosequi filed because of prosecutorial problems. The number and causes of the problems created by the state attorneys are nearly record setting and, while perhaps interesting need not be catalogued here. While we teeter on the brink of reversing the conviction and ordering a discharge of appellant we feel justice requires us to stop short of that.
One factor which deprived appellant of a fair trial was a due process violation regarding the introduction of critical DNA test results. At 5:00 p.m. on the Sunday before the Monday trial appellant was for the first time permitted the right to interview and depose the expert witnesses who had performed the tests to determine whether a DNA match could be obtained. See Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988). On the morning of trial appellant asked for a continuance of the trial in order to try to form a defense, if he could, to the expert testimony. The denial of that motion for continuance was error because fairness, state and federal constitutional due process rights and the Florida Rules of Criminal Procedure require that witnesses be disclosed and made available to a defendant in a criminal case in sufficient time to permit a reasonable investigation regarding the proposed testimony. This is especially true in a case where innovative scientific evidence is the subject. No law of the case should be inferred from the fact that this opinion does not discuss the other issues raised on appeal.
The convictions are reversed and this cause remanded for new trial.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH and ORFINGER, JJ., concur.