598 So.2d 254 (1992)
Troy A. GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1417.
District Court of Appeal of Florida, First District.
May 11, 1992.
*255 Nancy Daniels, Public Defender, Nancy L. Showalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., for appellee.
KAHN, Judge.
Appellant seeks review of his conviction and sentences on the offenses of sale or delivery of cocaine and possession of cocaine with intent to sell or deliver. He contends that the court erred in denying his motion for continuance and in denying a motion to dismiss a count of simple possession prior to the jury returning its verdict.[1] We find that the trial court erred in denying appellant's motion for continuance and do not reach the other issue.
Appellant was arrested after he allegedly sold cocaine to Phillip Blagrove, a Naval Security Police officer acting in conjunction with the Pensacola Police Department. The day before the trial, Blagrove, by then stationed in Philadelphia, testified by deposition that he was alone at the time the transaction occurred. He stated that he had made notes of the incident which formed the basis of a formal report. At 5:00 p.m. that day, Blagrove delivered the report to defense counsel. The official report revealed that Phyllis Underwood, another undercover Naval officer, had been present in the undercover vehicle and had observed the transaction, contrary to Blagrove's earlier deposition testimony. After reviewing his report, Blagrove recalled Underwood's presence and his instruction to her to watch the individual involved in the transaction.
Appellant moved for a continuance based on the revelation of a new witness the evening before trial. The state opposed the continuance, claiming appellant was at fault for failing to take Blagrove's deposition earlier. The trial court denied the motion for continuance, stating that it had "no idea what this individual is going to testify to, so I have no idea whether or not it's exculpatory information." The trial court allowed appellant a short recess to attempt to contact Underwood. Defense counsel telephoned Underwood, who was stationed in Orlando. Underwood stated that she recalled the incident. After reviewing her notes, she indicated that she was able to get a look at the person involved in the transaction and believed she would remember that person if she saw him in person. Defense counsel renewed the request for a continuance to allow additional time to have the witness view appellant and testify at trial. The trial court denied the request for continuance.
Identification was the key issue in this case. Blagrove testified that he was assisting the Pensacola Police in conducting a nighttime drug sweep at Pensacola Village Apartment complex on November 14, 1990. Blagrove, with Naval undercover officer Underwood in the passenger seat, drove into the complex, pulled up to where several people were standing around on the side of a building, and asked for a "20," street language for $20.00 worth of cocaine. A black man approximately six feet tall, 170 to 180 pounds, wearing a red jacket, white hat and jeans, approached the car. This person told Blagrove to wait a minute, and then turned around and walked back to the right rear wheel of a brown Pontiac. He reached underneath it and came back with something in his hand. Blagrove then gave the man a marked $20.00 bill in exchange for a piece of crack cocaine. Blagrove testified at trial that as he was leaving, he told Underwood to watch the seller as he was backing his car out. Shortly thereafter Blagrove met up with the police to identify the seller. Blagrove pointed out a man wearing a red jacket and blue jeans. He told the police that the seller had on a hat. At that point, the officers brought a *256 hat forward and put it on appellant's head. After Blagrove saw appellant with the hat on, he identified appellant as the seller. Blagrove appears to have identified appellant largely based on his clothing and testified that he saw the suspect's face only briefly.
Officer Sievers testified that he was in a police van parked nearby while Blagrove was making the transaction. He heard Blagrove's description given over a body wire and saw the suspect walk away from the vehicle. He identified the suspect by his clothing. He arrested appellant based on Blagrove's description and his own observation of the suspect walking away from Blagrove's car. Although Blagrove later identified appellant as the seller, neither any controlled substance nor the marked $20.00 bill was found on appellant.
Both Blagrove and Sievers testified that there was another person at the scene wearing a red jacket. Appellant and other defense witnesses testified that appellant did not sell cocaine to anyone and that on the night in question there were several people wearing red jackets. Appellant recalled two other people wearing red jackets, and that one of those people was also wearing blue jeans and a white cap.
The trial court erred in denying the motion for continuance. In Smith v. State, 525 So.2d 477, 480 (Fla. 1st DCA 1988), this court stated that "[a] denial of a motion for continuance will be reversed when the record demonstrates ... that adequate preparation of a defense was placed at risk by virtue of the denial." See also Beachum v. State, 547 So.2d 288 (Fla. 1st DCA 1989) (trial court's failure to grant continuance due to witness' absence constituted palpable abuse of discretion in that court found witness to be necessary for proper defense, despite fact that appellant had three months prior to trial to locate this witness yet waited until four days before trial to move for issuance of a subpoena); Hill v. State, 535 So.2d 354, 355 (Fla. 5th DCA 1988) ("fairness, state and federal constitutional due process rights and the Florida Rules of Criminal Procedure require that witnesses be disclosed and made available to a defendant in a criminal case in sufficient time to permit a reasonable investigation regarding the proposed testimony"); Lightsey v. State, 364 So.2d 72 (Fla. 2d DCA 1978) (trial court erred in denying continuance where due to state's tardy response to discovery demand, defendant was unable to depose certain witnesses or complete an investigation into the facts prior to trial). Adequate time to prepare a defense is inherent in the right to counsel and is founded on due process principles. Brown v. State, 426 So.2d 76, 80 (Fla. 1st DCA 1983).
Rule 3.220(b)(1)(i) and (ii), Florida Rules of Criminal Procedure, further requires the state to disclose the names, addresses and statements of "all persons known to the prosecutor to have information which may be relevant to the offense charged." The knowledge of law enforcement agencies is imputed to the state. Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981). Here, the state was held to the knowledge of Officer Blagrove who was working in conjunction with Pensacola police. The problem was compounded when Blagrove, in his deposition, denied that any other eyewitness existed.
The state's late disclosure of eyewitness Underwood effectively precluded the defendant from compelling the appearance of this witness at trial and denied appellant time to adequately investigate and prepare a defense, thereby violating appellant's due process rights. Witness Underwood was the only person other than Blagrove who actually saw the transaction. Her testimony was relevant and material to the defense of misidentification. See Sumbry v. State, 310 So.2d 445, 446 (Fla. 2d DCA 1975) (defendant's due process rights were violated by the trial court's denial of a motion for continuance where existence of "two potential defense witnesses who could testify concerning the critical issue of identity" was disclosed to the defense on the morning of the trial). The trial court's broad discretion in deciding whether to grant or deny a continuance will not, under the facts of this case, shield this matter *257 from review. We therefore reverse and remand the cause for a new trial.
We choose not to address appellant's claim that the trial court should not have allowed the case to go to the jury on both possession and possession with intent to sell. Appellant did not specifically request the trial court to charge the jury on simple possession as a lesser included offense of possession with intent to sell. Thus, appellant's claim that he was denied the opportunity to be convicted of a lesser included charge is not preserved. Jones v. State, 484 So.2d 577 (Fla. 1986).
REVERSED and REMANDED.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] The original count for possession was dismissed after the verdict.