664 So.2d 294 (1995)
Barbara BOYD, As Personal Representative of the Estate of Ila Eskridge and Sheila Turner, Petitioner,
v.
PHEO, INC. d/b/a Pheo Medical Center and d/b/a Lake Forest Medical Center, Pheo Med, Limited Partnership, d/b/a Lake Forest Medical Center, Winter Haven Homes, Inc., as General Partner of Pheo Med, Limited Partnership, and Care Centers Management Group, Inc., Respondents.
No. 95-3693.
District Court of Appeal of Florida, First District.
November 21, 1995.
Rehearing Denied January 4, 1996.
*295 Kevin A. McLean of McLean & Schecht, Tampa, for petitioner.
R. Douglas Vaughn of Saalsfield, Catlin & Coulson, Jacksonville, for respondents Pheo Med, Limited Partnership and Winter Haven Homes, Inc.
Joseph L. Amos, Jr., of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, Orlando, for respondent Care Centers Management Group, Inc.
PER CURIAM.
Barbara Boyd, the personal representative of the estate of Ila Eskridge, seeks certiorari review of an order prohibiting her counsel from engaging in ex parte communications with any of respondents' employees who personally participated in the care of Eskridge. We decline to exercise our certiorari jurisdiction to review this order, but write to explicate our reasons for this decision.
Petitioner is the plaintiff in an action against respondents, the owner and operator of the nursing home in which Eskridge formerly resided. After being advised that petitioner's counsel intended to make ex parte contact with current and former employees of the nursing home, respondents moved for a protective order, arguing that Rule 4-4.2 of the Rules Regulating the Florida Bar prohibited such contact, and relying on the decision in Barfuss v. Diversicare Corp. of America, 656 So.2d 486 (Fla. 2d DCA 1995) in support of this conclusion. Petitioner opposed this motion, arguing that Reynoso v. Greynolds Park Manor, Inc., 659 So.2d 1156 (Fla. 3d DCA 1995) allowed ex parte contact with former employees of a party under circumstances such as this. The trial court thereafter entered its order partially granting the motion for protective order, finding that Rule 4-4.2 precluded ex parte contact with present and former employees who directly participated in the care of the decedent, but that the rule did not preclude ex parte contact with former employees who did not directly participate in such care. Petitioner now asks that this court quash the trial court's order and align itself with the position of the Third District Court of Appeal in Reynoso.
As petitioner correctly states, both the Barfuss and Reynoso courts invoked certiorari jurisdiction to review interlocutory orders such as the one at issue here, and reached conflicting conclusions regarding the propriety of such orders. Petitioner argues that such review is likewise warranted in this circumstance, but without addressing the merits of the trial court's order, we are compelled to conclude that the exercise of this court's certiorari jurisdiction is not warranted. Certiorari is an extraordinary remedy, the entitlement to which is dependent upon a showing that the order for which review is sought departs from the essential requirements of law, resulting in a material injury for which there is no adequate remedy by appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). We conclude in this instance that petitioner has failed to demonstrate the likelihood of irreparable harm arising from the trial court's order. As evidenced by decisions such as Esman v. Board of Regents, 425 So.2d 156 (Fla. 1st DCA 1983), this court has adhered to the view that orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm. Petitioner nonetheless relies on decisions of other district courts of appeal to suggest that because the trial court's order has the effect of denying essential discovery and there would be no practical way to determine after judgment what the testimony would have been and how it would have affected the result, irreparable harm has been demonstrated. See, e.g., Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992) and cases cited therein.
However, the order in this case does not prevent petitioner from engaging in discovery. Rather, it merely precludes her use of investigative techniques less formal than those called for in the rules governing discovery. Nothing in the order precludes petitioner from utilizing common discovery techniques to identify respondents' current and former employees (as it appears she has *296 already done), and petitioner is not precluded from then deposing any witnesses she so identifies. In this regard, we reject petitioner's assertion that certiorari review is warranted because the trial court's order lessens her ability to prepare her case and increases the cost of litigation. Cf., Continental Equities, Inc. v. Jacksonville Transportation Authority, 558 So.2d 154 (Fla. 1st DCA 1990) (the burden and expense of an allegedly unnecessary trial is not irreparable harm for purposes of certiorari analysis).
Finally, we acknowledge that this court has recently granted certiorari relief in a factual circumstance somewhat similar to this case. In Alachua General Hospital v. Stewart, 649 So.2d 357 (Fla. 1st DCA 1995), the defendant hospital requested authorization to conduct ex parte interviews with certain physicians who had allegedly acted as its agents in rendering medical care to the plaintiff's ward. On legal grounds distinct from those at issue here, the trial court denied this request, but this court granted certiorari review and quashed the trial court's order. However, under the facts of that case, the trial court's order effectively precluded the defendant from privately discussing the case with individuals whose actions were allegedly by the plaintiff to be a basis for imposing vicarious liability on the hospital. For purposes of determining whether irreparable harm has been caused so as to warrant certiorari review, such a situation is obviously distinguishable from a situation in which the trial court precludes a plaintiff from conducting ex parte communications with former employees of the defendant, but does not preclude the plaintiff from engaging in formal discovery involving those same individuals.
For the foregoing reasons, we conclude that petitioner has failed to demonstrate that the trial court's order results in irreparable harm, and the petition for writ of certiorari is therefore DENIED.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.