PER CURIAM.
Appellant argues that the trial court erred in denying appellant’s motion to exclude three late-disclosed witnesses and his alternative motion that counsel be afforded the opportunity to interview the witnesses before the hearing. We agree with appellant’s latter claim and reverse.
Immediately before the adjudicatory hearing held in the instant case, defense counsel alleged a discovery violation by the state and made an oral motion to exclude three witnesses whom the state had not disclosed until the afternoon before. The court immediately commenced an inquiry into the alleged discovery violation in accordance with Richardson v. State, 246 So.2d 771 (Fla.1971). The state explained that it had disclosed appellant’s three former co-defendants as witnesses immediately after they became available following one juvenile’s entry of a guilty plea and the state’s having dropped the charges against the other two. The court found that there had been no discovery violation and denied the motion to exclude the witnesses. Defense counsel immediately requested the opportunity to interview these witnesses to whom she had not previously had access, and the court granted the motion. Following further discussion regarding other issues, the court suddenly announced the commencement of the adjudicatory hearing. Defense counsel immediately reminded the court that she had not yet been afforded the opportunity to interview the three witnesses and that the court had granted her motion *1360 for this opportunity. In response the court declared the motion was now denied. Defense counsel explained that the state had only disclosed the witnesses the afternoon before and that she had gone to the detention center after work the day before to interview the witnesses but was unable to interview them because they were represented by counsel. The court found that defense counsel had not availed herself of her opportunity to interview the witnesses and commenced the hearing at which the three witnesses testified. Appellant was found guilty at the hearing, was adjudicated delinquent, and was committed to the Department of Juvenile Justice at maximum risk level.
Although we agree with the court’s finding that no discovery violation occurred, we hold that the lower court abused its discretion in denying defense counsel the opportunity to interview the late-disclosed witnesses to whom she had no access before the adjudicatory hearing. See Griffin v. State, 598 So.2d 254, 256 (Fla. 1st DCA 1992) (reversing denial of motion for continuance where witness was disclosed on the eve of trial and stating that “[a]de-quate time to prepare a defense is inherent in the right to counsel and is founded on due process principles”); Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988) (“A denial of a motion for continuance will be reversed when the record demonstrates ... that adequate preparation of a defense was placed at risk by virtue of the denial.”).
Accordingly, we reverse and remand this case for a new adjudicatory hearing.
MINER, ALLEN and WEBSTER, JJ., concur.