882 So.2d 1050 (2004)
Antonio SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-5026.
District Court of Appeal of Florida, Fourth District.
August 24, 2004.
*1051 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
We withdraw our previously issued opinion of August 11, 2004, and substitute the following in its place.
Antonio Smith appeals his conviction and sentence for battery on a law enforcement officer, resisting arrest without violence, and possession of cannabis. He contends that the trial court erred in not finding a discovery violation for the state's failure to disclose a material witness. The defendant also asserts that the court improperly imposed a habitual felony offender sentence without first considering a pre-sentence investigation report. Because we reverse the judgment of conviction and remand for a new trial, the sentencing issue is moot.
Deputy Edward Chavez-Velando of the Broward Sheriff's Office was patrolling an apartment complex in Lauderdale Lakes at about 2:30 a.m., when a Jeep passed him in the parking lot. The driver was smoking a marijuana cigarette. When the vehicle parked, the deputy approached it and asked the driver for identification. The driver handed the deputy the driver's license of the defendant, Antonio Smith. The deputy examined the photo on the license and concluded that the driver was the same as the person pictured on the license. He also noted that the address listed on the license was for the apartment complex where the driver said he lived.
When the deputy conducted a consensual pat down search of the driver, he located a small one-inch sized bag of marijuana in the driver's coin pocket. At that point it began to pour rain, and the driver began to walk away toward the building. When the deputy told the man he was under arrest, he lunged forward to flee. The deputy grabbed his shirt, but the man hit him in the chest with his elbow, sending the deputy backwards. The man fled into the apartment building before the officer could recover and disappeared.
Deputy Chavez-Velando went to the apartment shown on the driver's license and spoke to a woman there. The woman permitted the deputy to search the apartment. The search revealed mail and other items belonging to Smith, indicating that he was in fact living there.
At trial, the driver's license was admitted into evidence. The deputy testified *1052 that it was the same license that he obtained from the person he spoke with on the night of the incident and that he had no doubt that this person was the same as the person pictured on the license. He positively identified the defendant in court. The deputy also testified that he discovered that the vehicle the defendant was driving that night was leased to an individual whose name, address, and phone number appeared on lease papers found in the glove compartment. The deputy stated that he contacted the owner (lessee) and questioned him regarding his knowledge of the vehicle's whereabouts and who was driving it.
Then, the prosecutor questioned the deputy as follows:
Q. What did you do as a result of speaking with that person, without going into what the person said?
A. Well, we did ask ... did he know the whereabouts of his vehicle, who had his vehicle. We also indicated to him that the vehicle was going to be held for certain procedures, that he wouldn't be able to get the vehicle at that time. And he did indicate that he was going to make a phone call to the person 
MR. GELIN: Objection as to hearsay, Judge.
THE COURT: As to what he indicated, sustained.
Q. Okay. What did you do as a result of speaking with him and explaining to him that the vehicle was going to be towed?
A. A phone call was made to the person he had lent the vehicle to, who he indicated was Antonio Smith.
MR. GELIN: Again, Judge, objection to hearsay.
THE COURT: Overruled.
MS. FEISTMAN: Okay.
MR. GELIN: Side bar, please.
Defense counsel moved for a mistrial, asserting the state's failure to disclose during discovery the name and address of the vehicle's owner. He requested a Richardson hearing.[1] The court denied the motion for mistrial, but instructed the jury not to consider the last question and answer about the officer having called the person who purportedly borrowed the car and this person identifying himself as Antonio Smith.
The court announced that, in an abundance of caution, it would hold a Richardson hearing. The court asked the prosecutor why she had not disclosed the identity of the vehicle's owner to the defense. The prosecutor responded that she had no information about the owner. She further explained that she had moved for a continuance at the beginning of the trial to try to get that information but that the court had denied her motion. Without further inquiry, the court concluded that there had not been a violation of discovery rules.
The defendant asserted an alibi defense at trial and called four witnesses to testify that he was in Orlando at a Halloween party on the night in question. The defendant acknowledged that the driver's license in evidence was his, but claimed that he lost his license shortly before this incident, perhaps somewhere at the apartment complex. The jury found the defendant guilty on all charges.
The defendant contends that the trial court reversibly erred in denying relief for a discovery violation by the state. The violation became apparent during trial when the arresting officer testified that he had made contact with the person who had leased the vehicle allegedly driven by the person who accosted the deputy. The identity of the vehicle's lessee was not *1053 disclosed to the defense before trial. The trial court, however, found no discovery violation after hearing the state's explanation that it did not know the name of the lessee and did not intend to call him as a witness at trial.
When, as here, a trial court finds no discovery violation, that conclusion is reviewed for an abuse of discretion. See State v. Evans, 770 So.2d 1174, 1183 (Fla.2000); Pender v. State, 700 So.2d 664, 667 (Fla.1997). As the defendant correctly argues, the state's duty to disclose witnesses is not limited to listing those witnesses it intends to call at trial. Rather, the state is obligated to timely disclose, upon request, the names and addresses of all persons "known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto." Fla. R.Crim. P. 3.220(b)(1)(A).
Further, though the rule requires disclosure of persons "known to the prosecutor," case law makes clear that the knowledge of law enforcement officers is imputed to the prosecutor for purposes of this rule. See Griffin v. State, 598 So.2d 254, 256 (Fla. 1st DCA 1992); Hutchinson v. State, 397 So.2d 1001 (Fla. 1st DCA 1981). Thus, we agree with the defendant that the trial court abused its discretion in finding no discovery violation based on the prosecutor's intention not to call the witness and her lack of knowledge of the witness's name. Presumably, the officer knew the name and that was enough to trigger a full Richardson inquiry into the discovery violation.
The failure to conduct a Richardson hearing where a discovery violation occurred was per se reversible error until the Florida Supreme Court adopted the following harmless error standards in State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995):
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefitted the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
The burden is on the State to establish that the error is harmless. Id. at 1020.
Given appellant's defense that he was not driving the vehicle owned by the undisclosed witness at the time these charges arose, we cannot say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation. As appellant points out, there is a reasonable possibility that this person's evidence would have assisted defendant in the presentation of his defense. We therefore cannot consider the discovery violation harmless.
REVERSED and REMANDED.
FARMER, C.J., and GUNTHER, J., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).