960 So.2d 916 (2007)
VERIZON BUSINESS NETWORK SERVICES, INC., on behalf of MCI COMMUNICATIONS, INC., d/b/a Verizon Business Services; Global Tel*Link Corporation; and Public Communications Services, Inc., Petitioners,
v.
FLORIDA DEPARTMENT OF CORRECTIONS and Securus Technologies, Inc., Respondents.
No. 1D07-3519.
District Court of Appeal of Florida, First District.
July 31, 2007.
*917 Cynthia S. Tunnicliff and Brian A. Newman of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee; Gary V. Perko and Wesley S. Haber of Hoping Green & Sams, P.A., Tallahassee; Allan P. Clark and John A. Tucker of Foley & Lardner, LLP, Jacksonville; Robert H. Hosay of Foley & Lardner, LLP, Tallahassee, for Petitioners.
No appearance for Respondents.
PER CURIAM.
Verizon Business Network Services, Inc., Global Tel*Link Corporation, and Public Communications Services, Inc., petition for review of a non-final order of an administrative law judge (ALJ) of the Division of Administrative Hearings which denied their renewed motion to compel production of documents. We deny the petition.
In Boyd v. Pheo, Inc., 664 So.2d 294 (Fla. 1st DCA 1995), this court observed that "orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm." Id. at 295. Although Boyd dealt with a petition for writ of certiorari, the "irreparable harm" analysis is also applicable to a petition for review of non-final administrative action. To establish an entitlement to interlocutory review of a non-final administrative order, petitioners bear the burden of demonstrating that review of the final agency decision would not provide an adequate remedy. See § 120.68(1), Fla. Stat. (2007). Boyd does recognize that there may be some limited exceptions to this general rule, and indeed, other Florida courts have undertaken extraordinary interlocutory review in circumstances where there would be no practical way to determine after judgment what the withheld evidence would have been and how it would have affected the result. See, e.g., Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000). Such would not appear to be the case here, however, since the disputed documents are identified in a privilege log and were reviewed in-camera by the ALJ. Thus, the issue can be meaningfully addressed on appeal and an appropriate remedy fashioned if it is concluded that the ALJ's ruling was in error. Accordingly, as petitioner has failed to demonstrate that review of the final agency decision would *918 not provide an adequate remedy, we decline to undertake review at this point.
The petition for review is DENIED.
BROWNING, C.J., KAHN and VAN NORTWICK, JJ., concur.