*1138
 
 VAN NORTWICK, J.
 

 Euriell Laidler appeals his convictions for two counts of armed robbery with a firearm and one count of aggravated assault with a firearm, contending'that the trial court erred in denying his motion for a continuance and in failing to conduct an adequate Richardson
 
 [1]
 
 hearing upon being advised of a discovery violation by the State. We agree and, accordingly, reverse and remand for a new trial.
 

 One week before trial, the assistant state attorney advised defense counsel of the name of a previously undisclosed witness, Darryl Ruth, about whom she had just learned. A deposition was scheduled the Friday before appellant’s trial was to begin, but Ruth could not be located. The State made Ruth available at 3:30 p.m. on Monday, October 1, 2007, after jury selection and on the eve of trial. Ruth gave testimony that the appellant had asked him to participate in the robbery, but he declined; that, after the subject robbery, appellant called and told him about committing the robbery; and that appellant told him he was wiring him some money and asked him to pay a gambling debt for appellant. As stated by the assistant state attorney in her opening statement, appellant’s alibi was destroyed by Ruth’s testimony.
 

 Before the trial began, defense counsel, despite appellant’s disagreement, asked for a continuance. Defense counsel expressed the desire to interview people who could confirm or deny Ruth’s testimony in the hopes that he might be able to impeach Ruth’s credibility. Further, counsel stated that he wanted to depose the investigating officer to learn why Ruth’s name had never appeared in any police report. Citing the appellant’s wishes, the trial court denied the motion for continuance, commenting that the State would be precluded from introducing any hearsajr statements.
 

 At the subsequent trial, the witnesses to the bank robbery testified that they were able to identify appellant from a photographic lineup, and they identified him in court. After Ruth’s testimony, appellant did not attempt to introduce any alibi evidence.
 

 In closing argument, defense counsel pointed out the difference between the photographs introduced into evidence and appellant’s characteristics. Acknowledging the victim’s identifications, counsel argued that the victims only had a short time to look at the robber and were under stress. Further, counsel argued that their identifications may have been influenced by viewing the video of the appellant when he was in the bank on May 1, two days before the robbery on May 3, 2006. However, appellant contends he could not defend against Ruth’s testimony, because he was not given an opportunity to investigate or prepare a defense to that testimony.
 

 “A denial of a motion for continuance will be reversed when the record demonstrates ... that adequate preparation of a defense was placed at risk by virtue of the denial.”
 
 Smith v. State,
 
 525 So.2d 477, 480 (Fla. 1st DCA 1988). The trial court appears to have been persuaded not to grant the requested continuance because the defendant opposed the motion. However, moving for a continuance is a decision to be made by the defendant’s attorney, and, if appropriate, the motion should be granted, even if the defendant opposes it.
 
 State v. Abrams,
 
 350 So.2d 1104, 1105 (Fla. 4th DCA 1977) (“The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client’s wishes.”).
 

 
 *1139
 
 Defense counsel was not afforded an adequate opportunity to investigate and prepare a defense to the testimony of Ruth. Ruth’s testimony was material because it completely eliminated an alibi defense and because Ruth testified that appellant actually discussed the robbery with him before and after it occurred. Accordingly, this case must be reversed and a new trial granted.
 
 Smith v. State,
 
 525 So.2d at 480;
 
 see also Griffin v. State,
 
 598 So.2d 254, 256 (Fla. 1st DCA 1992) (holding that State’s late disclosure of undercover police officer who witnessed narcotics transaction violated appellant’s due process rights and required continuance);
 
 Lightsey v. State,
 
 364 So.2d 72 (Fla. 2d DCA 1978) (holding that trial court erred in denying continuance where due to the State’s late response to discovery, the defendant was unable to depose certain witnesses and complete his investigation prior to trial).
 

 Although the assistant state attorney did not learn about Ruth until one week before the trial and immediately advised defense counsel about the witness, case law is clear that the prosecutor is charged with knowledge of the evidence in the possession of the police.
 
 Rojas v. State,
 
 904 So.2d 598, 600 (Fla. 5th DCA 2005);
 
 Smith v. State,
 
 882 So.2d 1050, 1053 (Fla. 4th DCA 2004) (“case law makes clear that the knowledge of law enforcement officers is imputed to the prosecutors for purposes of [Fla. R.Crim. P. 3.220(b)(1)(A)]”);
 
 Griffin v. State,
 
 598 So.2d at 256. While the testimony is not undisputed, it is clear that the police knew about Ruth and knew that he had information that “may be relevant” to the offense charged, Florida Rule of Criminal Procedure 3.220(b)(1)(A),
 
 [2]
 
 and because that knowledge is imputed to the proseeutor, failure to disclose Ruth’s name to the defense constituted a discovery violation.
 
 Id.
 

 The failure to disclose was made known to the trial court, and, although counsel did not use “magic words” to request a
 
 Richardson
 
 hearing, the trial court was required to conduct a
 
 Richardson
 
 hearing nonetheless.
 
 Smith v. State,
 
 7 So.3d 473, 506 (Fla.2009) (“There are no exact ‘magic words’ or phrases which must be used by the defense in order to necessitate the inquiry; only the fact that a discovery request has not been met.”);
 
 State v. Evans,
 
 770 So.2d 1174, 1182 (Fla.2000). A
 
 Richardson
 
 hearing requires inquiry into whether the violation (1) was willful or inadvertent; (2) was substantial or trivial; and (3) had a prejudicial affect on the aggrieved party’s trial preparation.
 
 Id.
 
 at 1183. Failure to conduct a
 
 Richardson
 
 hearing used to be per se reversible error, but the Supreme Court has recognized that “there are cases ... where a reviewing court can say beyond a reasonable doubt that the defense was not prejudiced,”
 
 State v. Schopp,
 
 653 So.2d 1016, 1020 (Fla.1995).
 

 Before harmless error will be found this court must inquire whether the violation “materially hindered the defendant’s trial preparation or strategy.”
 
 Scipio v. State,
 
 928 So.2d 1138, 1150 (Fla.2006) (quoting
 
 Schopp,
 
 653 So.2d at 1020). The material question is whether the defense was procedurally prejudiced.
 
 Id.
 
 “[0]nly if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.”
 
 Schopp,
 
 653 So.2d at 1021. This standard has not been met in
 
 *1140
 
 this case, and the failure to conduct a
 
 Richardson
 
 hearing was not harmless error.
 

 REVERSED and REMANDED for a new trial.
 

 HAWKES, C.J., and BROWNING, J., concur.
 

 [1]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771 (Fla.1971).
 

 [2]
 

 . The State is obligated to disclose the names and addresses of all persons "known to the prosecutor to have information that may be relevant to any offense charged or any defense thereto ...” Fla. R.Crim. P. 3.220(b)(1)(A).