ON MOTION FOR CLARIFICATION
RAY, J.
We grant the State’s Motion for Clarification, withdraw our previous opinion, and substitute the following in its place.
*182 Darnell Eutsay, Petitioner, is the defendant in a pending prosecution for first-degree murder. He seeks a writ of certio-rari to quash an order denying his motion to compel discovery and request for sanctions. Because Petitioner has not shown that the order causes a type of injury that is remediable by certiorari, we dismiss his petition. We write to address the portion of his petition concerning the alleged discovery violations.
Petitioner filed his motion to compel discovery approximately three months after filing a notice of discovery under Florida Rule of Criminal Procedure 3.220(a). He alleged that the State had failed to provide several items it is required to produce under Florida’s reciprocal discovery rule, even though the time for providing those items had passed long before the filing of the motion to compel. The motion was summarily denied.
We cannot grant the relief Petitioner requests unless he has shown that the trial court departed from the essential requirements of law in denying his motion to compel discovery, and that this ruling causes him irreparable harm for which there is no adequate remedy on appeal. See State v. Smith, 951 So.2d 954, 957 (Fla. 1st DCA 2007). The latter requirement is jurisdictional. Montanez v. State, 24 So.3d 799, 801 (Fla. 2d DCA 2010). As part of this jurisdictional requirement, a petitioner must be faced with the type of harm that will remain throughout the balance of the trial court proceedings. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987), superseded by statute on other grounds, as stated in Williams v. Oken, 62 So.3d 1129, 1134 (Fla.2011). As stated previously by this Court, “orders having the effect of denying discovery are almost invariably not reviewable by certiorari because of the absence of irreparable harm.” Boyd v. Pheo, Inc., 664 So.2d 294, 295 (Fla. 1st DCA 1995). Unlike situations where a trial court erroneously compels the exchange of information (the proverbial “cat out of the bag” orders), the harm done by the failure to provide information can be corrected on appeal in most cases. Jennings v. Elections Canvassing Comm’n of State of Fla., 958 So.2d 1083, 1084 (Fla. 1st DCA 2007); see Mingle v. State, 429 So.2d 850, 850 (Fla. 4th DCA 1983) (denying a petition for writ of certiorari challenging the denial of a motion to compel disclosure of the name of a confidential informant due to the defendant’s “full, adequate and complete remedy on plenary appeal”).
When considering whether a particular type of harm may be remedied by appeal, we bear in mind that the burden of enduring a trial that may ultimately have to be repeated is not the type of harm certiorari exists to prevent. Cont’l Equities, Inc. v. Jacksonville Transp. Auth., 558 So.2d 154, 155 (Fla. 1st DCA 1990); see also State v. Lozano, 616 So.2d 73, 75 (Fla. 1st DCA 1993) (recognizing this standard but granting the petition due to unique circumstances not applicable to the instant case). Similarly, delay in the initial proceedings is not the type of harm contemplated by Florida’s certiorari standards. See Sjuts v. State, 754 So.2d 781, 783-84 (Fla. 2d DCA 2000) (acknowledging that the delay caused by a discovery order in proceedings under Florida’s Involuntary Commitment of Sexual Predators Act was “necessarily more burdensome” for the defendant, who was being detained while the case was pending, than for a typical civil litigant, but declining to find irreparable harm).
Here, Petitioner argues that the trial court departed from the essential requirements of law by denying his motion to compel discovery without at least holding a hearing. As to the “irreparable harm” prong of the certiorari test, Peti *183 tioner contends that the State’s delay in providing the materials required under Rule 3.220 is causing such harm by inhibiting his ability to prepare a defense. In connection with this point, he argues that the alleged discovery violations are causing him to remain detained without making progress on his defense, even though a trial date has been set. Petitioner also contends that the denial of the requested materials will effectively eviscerate his defense and that an appellate court will have no practical way to determine the effects of the trial court’s ruling after the jury reaches a verdict.
Except for the delay in the current proceedings and the burden of possibly facing a second trial due to errors in these proceedings, any harm Petitioner suffers from the State’s alleged discovery violations can be remedied on appeal, if those violations exist and continue. We are not persuaded that the lack of a practical way to determine the effect of the alleged error will leave Petitioner without an effective appellate remedy. Although this Court has found irreparable harm under this standard on isolated occasions in civil cases,[1] we are convinced that the ordinary avenues of appellate review will suffice to protect Petitioner’s discovery rights under the circumstances of this case. Although Petitioner may not be able to proffer any withheld evidence for the record, he will be able to present arguments on appeal similar to those he has presented in his petition. If Petitioner is required to proceed to trial under an erroneous ruling effectively denying discovery, and he preserves the issue, the burden will be on the State to establish beyond a reasonable doubt that he was not proeedurally prejudiced. See Scipio v. State, 928 So.2d 1138, 1149-50 (Fla.2006); Laidler v. State, 10 So.3d 1136, 1139 (Fla. 1st DCA 2009). Unless the State is able to meet this high burden, Petitioner will be entitled to a new trial. See Scipio, 928 So.2d at 1148-50 (acknowledging that a finding that a discovery violation is harmless should be “the exception rather than the rule”). As a result of this available appellate remedy, we dismiss the petition for failure to satisfy the jurisdictional requirement of showing irreparable harm.
DISMISSED.
LEWIS and ROBERTS, JJ., concur.

. Queler v. Receivership of Cumberland Cas. & Sur. Co., 1 So.3d 1140, 1140 (Fla. 1st DCA 2009); Baldwin v. Shands Teaching Hosp. & Clinics, Inc., 45 So.3d 118, 122-23 (Fla. 1st DCA 2010).