PER CURIAM.
Tina Jinnette Hurley petitions the court for certiorari review of an order of the circuit court dismissing a petition for writ of certiorari she filed in that forum. We previously dismissed her petition by unpublished order, and now write to explain the basis for our decision.
Hurley is charged in the county court with driving under the influence with property damage. The FDLE analyst who tested petitioner’s blood sample and prepared the lab report will apparently be unavailable to testify at trial. The state therefore moved the county court to permit another FDLE employee who peer-reviewed the analysis to testify based on the lab report. The county court granted that motion, and by emergency petition for writ of certiorari, Hurley sought review by the circuit court. The circuit court concluded, however, that petitioner had failed to establish that the county court’s ruling resulted in a harm that could not be remedied on direct appeal, and therefore dismissed the petition. Finding no error in the circuit court’s conclusion, we likewise dismissed the petition Hurley filed with this court.
To obtain certiorari relief from the circuit court, petitioner was obligated to demonstrate a departure from the essential requirements of the law and irreparable harm or, stated slightly differently, harm that cannot be remedied on appeal. See West Fla. Reg’l Med. Ctr., Inc. v. See, 18 So.3d 676 (Fla. 1st DCA 2009). A court to which a request for certiorari review is directed must first determine whether the *116 petitioner has shown an irreparable harm before determining whether there was a departure from the essential requirements of law. See AVCO Corp. v. Neff, 30 So.3d 597 (Fla. 1st DCA 2010). Where the jurisdictional requirement of showing irreparable harm is not satisfied, dismissal is appropriate. See Eutsay v. State, 103 So.3d 181 (Fla. 1st DCA 2012).
The standard becomes even more stringent for second-tier certiorari. Review by this court of an order entered by the circuit court sitting in its appellate capacity is limited to a determination of whether the circuit court afforded procedural due process and observed the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Sheley v. Florida Parole Comm’n, 703 So.2d 1202, 1206 (1997), approved, 720 So.2d 216 (Fla.1998). Petitioner makes no claim that she was deprived of procedural due process by the circuit court, nor has she shown that its decision deviates from the essential requirements of law. Although petitioner argues that certiorari review by the circuit court was warranted because the county court’s ruling will abridge her rights under the Confrontation Clause, even the alleged violation of a constitutional right does not, absent some showing of irreparable harm, justify certiorari review. See Jaye v. Royal Saxon, Inc., 720 So.2d 214 (Fla.1998) (certiorari review is unwarranted where alleged violation of constitutional right to jury trial can be adequately remedied on appeal). Because petitioner identified no harm flowing from the county court’s ruling that could not be adequately remedied on appeal in the event of a conviction, the circuit court’s dismissal of her petition for writ of certio-rari was entirely consistent with the essential requirements of law.
PETITION FOR WRIT OF CERTIO-RARI DISMISSED.
WOLF, VAN NORTWTCK, and ROWE, JJ., concur.