# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-1967

_____

JACOB VARN,

   Petitioner,

   v.

STATE OF FLORIDA,

   Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

September 3, 2020

KELSEY, J.

   This is a cell-phone-passcode case. Petitioner seeks certiorari review of a non-final order compelling him to give the State his passcode. A criminal investigation involving Petitioner is pending, but Petitioner has not been charged with or arrested for a crime, so far as the limited record before us indicates.

   One of the elements of certiorari is irreparable harm, and it is jurisdictional. If Petitioner fails to establish irreparable harm, we must dismiss the petition. *E.g., Amalgamated Transit Union, Local 1579 v. City of Gainesville*, 264 So. 3d 375, 378 (Fla. 1st DCA 2019). We conclude Petitioner has not demonstrated irreparable harm, and therefore we dismiss the Petition. However, because we must in part analyze the merits of the passcode issue to resolve the jurisdictional question, we certify to the Florida Supreme Court

essentially the same questions of great public importance we certified in *Pollard v. State*, 287 So. 3d 649, 663 (Fla. 1st DCA 2019) (On Motion for Rehearing and Certification): what legal standards apply to compulsory disclosure of a cell phone passcode, and whether or when does the foregone conclusion exception apply?

The supreme court initially accepted *Pollard* for review, and then dismissed it on the State's motion for voluntary dismissal. *See Pollard*, No. SC20-110, 2020 WL 1491793, at *1 (Fla. Mar. 25, 2020) (granting State's motion filed March 19, 2020). The core questions in *Pollard* and in this case merit the higher court's review, particularly because there is presently a conflict between districts on the key issues presented in *Pollard* and here. *See State v. Stahl*, 206 So. 3d 124, 132–34 (Fla. 2d DCA 2016) (holding disclosure of cell phone passcode is not a testimonial act implicating Fifth Amendment protections); *G.A.Q.L. v. State*, 257 So. 3d 1058, 1061–63 (Fla. 4th DCA 2018) (holding to the contrary). We also certify conflict between this decision and *Stahl*. These issues by their nature arise in circumstances such as those presented in *Pollard* and here where the parties may resolve the issues short of trial, thus evading supreme court review of the significant constitutional issues presented.

## I. Certiorari Requirements.

The non-final order under review, granting the State's motion to compel Petitioner to disclose his cell phone passcode, is not among the limited appealable non-final orders in Florida Rule of Appellate Procedure 9.130. In "very limited circumstances," we may review non-appealable non-final orders on petition for a writ of certiorari. *Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454 (Fla. 2012). Our certiorari jurisdiction is limited to cases in which the petitioner demonstrates the following factors:

> (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.

2

*Id.* (quoting *Reeves v. Fleetwood Homes of Fla., Inc.*, 889 So. 2d 812, 822 (Fla. 2004)). The second and third factors, together described as a showing of "irreparable harm," are jurisdictional. *E.g., Jaye v. Royal Saxon, Inc.*, 720 So. 2d 214, 215 (Fla. 1998); *Amalgamated Transit Union,* 264 So. 3d at 378. "Irreparable harm" is the equivalent of no remedy on direct appeal. *See Jaye*, 720 So. 2d at 215; *see also Eutsay v. State*, 103 So. 3d 181, 182–83 (Fla. 1st DCA 2012) (holding irreparable harm does not come from delay in proceedings, having to stand trial, or the potential for a retrial following appeal). If the Petition fails to demonstrate irreparable harm, we must dismiss it. *Amalgamated Transit*, 264 So. 3d at 378.

## II. Irreparable Harm.

Petitioner asserts that irreparable harm exists because disclosing his cell phone passcode "could form 'a link in the chain of evidence which might lead to criminal prosecution,'" quoting from *Appel v. Bard*, 154 So. 3d 1227, 1229 (Fla. 4th DCA 2015) (holding that Fifth Amendment protected debtor in civil litigation from discovery asking whether he had filed tax returns). Petitioner also argues that he faces the threat of direct civil contempt for failing to disclose the passcode.

In response, the State argues that irreparable harm does not exist here, because Petitioner can go to trial and appeal any adverse rulings, or plead and reserve the right to appeal the compelled disclosure of his passcode. *See State v. Pettis*, 520 So. 2d 250, 253 n.2 (Fla. 1988) (noting that, unlike the State, a criminal defendant can appeal from an adverse judgment); Fla. R. App. P. 9.140(b)(1)(A) (appeal), 9.140(b)(2)(A)(i) (plead and reserve).[1]

To the extent Petitioner relies on a constitutional "right" not to be charged or arrested, independent of Fifth Amendment

_____

[1] Because the record clearly supports application of the foregone conclusion exception, which defeats the jurisdictional requirement of irreparable harm, we do not address whether the availability of appeal would also defeat the required showing of irreparable harm. Nor is our disposition driven by the pre-charge, pre-arrest posture.

protections, we reject the argument. The law, particularly the Fifth Amendment here, identifies and defines Petitioner's rights; and the law likewise protects those rights throughout the criminal process. He can file protective motions as appropriate in the trial court, and he can appeal any judgment, even after a plea, if he preserves that right. The prospect of going to trial or pleading, and being adjudicated guilty, is not irreparable harm. *See Jaye*, 720 So. 2d at 215; *Eutsay*, 103 So. 3d at 182.

This Court held in *Pollard* that compelled provision of a cell phone passcode is a testimonial act that the Fifth Amendment protects, aligning this District with the Fourth District in *G.A.Q.L.* and in conflict with the Second District in *Stahl. Pollard*, 287 So. 3d at 656–57. Under *Pollard*, the law of this District, the Fifth Amendment applies, and we must next determine whether the foregone conclusion exception to the Fifth Amendment also applies on the facts presented. *See Fisher v. United States*, 425 U.S. 391, 411 (1976) (holding the existence and location of papers requested in discovery were a foregone conclusion where the taxpayer's compelled production of them "adds little or nothing to the sum total of the Government's information," and therefore "no constitutional rights are touched" and the Fifth Amendment does not bar compelled disclosure); *Pollard*, 287 So. 3d at 657. While we have only a very limited record, we find that the foregone conclusion exception applies, and therefore Petitioner has not shown irreparable harm.

### III. Facts.

Significantly, the record facts establish that the targeted contents on Petitioner's cell phone were identified already in great detail and traced to him before the State moved to compel disclosure of his passcode.[2] The record also indicates that after

---

[2] We note Petitioner's argument that the anticipated search is overbroad because the prosecutor said at the hearing on the motion to compel that the State wanted to "search the phone in its entirety" and "be able to access everything and be able to see everything." The context of those comments gives no indication that the State intends to seek or use any information beyond the scope of the warrant; and in any event, Petitioner did not seek or

4

being informed of his rights and with his parents and an attorney present, Petitioner admitted to accessing his Instagram account from his cell phone. Investigators already had linked the account to transmission of child pornography. The investigation started in California, based on evidence of Instagram users sharing child pornography. As to one suspect, a California detective obtained a search warrant and reviewed messages between "r7alngp7gcis" (the suspect's account) and "Sexynelly16" (Petitioner's account).[3] Comcast records provided in response to a subpoena identified Petitioner's parents' Tallahassee address, where Petitioner also lived, as associated with transmissions to and from the Sexynelly16 account. Investigators were able to view messages, images, and the first screens of videos transmitted between these two accounts, as well as dates, time stamps, and electronic signatures. Because the pictures and videos involved child pornography and were traced to the Tallahassee address, the California detective provided this information to law enforcement in Tallahassee.

A Tallahassee Police Department investigator filed an extremely detailed affidavit seeking a search warrant for Petitioner's parents' address. The affidavit itself was fourteen pages long, and the probable cause section contained eight pages of highly detailed information about the messages exchanged, including the verbatim texts of the messages, and the dates and times they were sent and received. The affidavit also included detailed and graphic descriptions of seven still images and two video screenshots depicting child pornography sent from the California suspect to Petitioner's account, and references to

---

obtain a ruling from the trial court on any Fourth Amendment issues such as scope of search or use of information located on the phone. Given our dismissal for failure to show the jurisdictional prerequisite of irreparable harm, we do not address the scope of the search.

[3] This record does not reveal the significance of the "16" in Petitioner's account name, but Petitioner was a few months past 17 years old when the warrants issued and motions were filed.

multiple other child-pornography videos being sent and received on another application (Kik).[4] A judge issued the warrant.

The investigator's sworn statement and inventory following service of this original warrant stated that the warrant was served with Petitioner, both of his parents, and a lawyer present. Petitioner's cell phone was seized along with other items when the first warrant was served. That same day, the investigator sought a second warrant specifically for Petitioner's phone. The sworn affidavit for the second warrant stated that Petitioner had arrived home while the first warrant was being executed, and Petitioner was advised of his *Miranda* rights.[5] According to this affidavit, Petitioner then admitted to using his cell phone to access his "Sexynelly16" account to converse with the "r7alngp7gcis" account user. He also admitted that the phone he used for those communications was in his vehicle parked by the house, before police seized the phone. The investigator's affidavit for the second warrant also stated that Petitioner's lawyer (not his present counsel) agreed to provide the passcode if the State would provide a new search warrant for the phone along with a motion to compel. Ultimately Petitioner declined to provide the passcode.

When the trial court granted the State's motion to compel, we had not yet issued *Pollard*. The trial court noted the conflict between the Second and Fourth Districts in *Stahl* and *G.A.Q.L.*, and adopted the *Stahl* reasoning that the act of providing a cell phone passcode is not testimonial. *See Stahl*, 206 So. 3d at 135. We stayed the lower court's order pending resolution of this proceeding.

## IV. Foregone Conclusion Exception.

On this limited factual record, we must determine if Petitioner has shown irreparable harm; i.e., whether Petitioner's Fifth

---

[4] The State was not required to provide Petitioner an unredacted version of the affidavit, but ultimately did provide it after Petitioner filed his reply in this proceeding. Petitioner filed an update indicating that his arguments were unchanged.

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Amendment rights survive a foregone conclusion analysis. If the government already knows the existence and location of the information sought, and that the target has access to it, the act of production is not sufficiently testimonial to invoke the Fifth Amendment. *Fisher*, 425 U.S at 411; *see also In re Grand Jury Subpoena Duces Tecum Dated Mar. 25, 2011*, 670 F.3d 1335, 1344 (11th Cir. 2012) (holding that if the "location, existence, and authenticity" of the evidence sought is already known "with reasonable particularity," Fifth Amendment protection is no longer available). This inquiry is fact-dependent. *Fisher*, 425 U.S at 410. Evidence in an officer's affidavit may inform this Court's foregone conclusion analysis. *Pollard*, 287 So. 3d at 657.

In *Pollard*, we held that the correct focus of the foregone conclusion exception analysis when the State is seeking the information within a cell phone—rather than the passcode for its own sake—is whether the State has identified with reasonable particularity the evidence it seeks within the passcode-protected cell phone. *Id.* at 656–57. We acknowledged that the key to the foregone conclusion exception is whether the targeted contents are described with "reasonable particularity":

> For example, if the central feature in a criminal case is *what* files are on a cellphone, and the state can establish that a defendant's cellphone contains files that are described with "reasonable particularity," the compelled production of the password to access those files (but only those files) does no damage to the defendant's constitutional right against self-incrimination where sufficient evidence establishes that it is his phone on which the files reside.

*Id.* at 654.

The record in this case is a stark contrast to that in *Pollard*, in which the information sought was described only generally, broadly, and without specifics. *Id.* at 651–52. Here, the State already knew exactly what child pornography Petitioner received and viewed through the "Sexynelly16" account. Further, Petitioner admitted he had control over the phone and used it to access that account. While we do not hold that this level of specificity is always required to trigger the foregone conclusion exception—it is not—

7

we find that on this record, the State's discovery of the pertinent information on Petitioner's cell phone is a foregone conclusion, falling within the exception to the Fifth Amendment.

That being the case, Petitioner has no legal right to prevent the State from obtaining his cell phone passcode. He cannot demonstrate irreparable harm as required to obtain certiorari relief, and we dismiss the Petition. *See Amalgamated Transit Union,* 264 So. 3d at 378.

## V. Certified Conflict.

We certify conflict between this decision and *State v. Stahl*, 206 So. 3d 124 (Fla. 2d DCA 2016).

## VI. Certified Questions.

We certify to the Florida Supreme Court the following questions of great public importance, and urge the Court to review and resolve them:

IS IT A CONSTITUTIONALLY PROTECTED TESTIMONIAL ACT TO DISCLOSE ONE'S CELL PHONE PASSCODE UNDER STATE COMPULSION?

WHEN DOES THE FOREGONE CONCLUSION EXCEPTION APPLY TO SUCH COMPELLED DISCLOSURE?

DISMISSED, CONFLICT CERTIFIED, and QUESTIONS CERTIFIED.

LEWIS, J., concurs; WINOKUR, J., concurs specially with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

8

WINOKUR, J., concurring specially.

As the majority opinion notes, we ruled in *Pollard v. State*, 287 So. 3d 649 (Fla. 1st DCA 2019), that in determining when the foregone conclusion exception applies to compulsion of a cellphone passcode, where police have obtained a search warrant for the cellphone, we look to "whether the State has identified with reasonable particularity the evidence it seeks within the passcode-protected cell phone." Maj. op. at 7 (citing *Pollard*, 287 So. 3d at 656–57). Using this analysis, I agree that the State could identify with reasonable particularity the contents of Petitioner's cellphone sufficiently to invoke the foregone conclusion exception to compel the passcode, in a manner that it could not in *Pollard*.

I write separately because I continue to adhere to my belief, expressed in dissent in *Pollard*, that the focus on the evidence contained within the phone is misplaced. Instead, I believe the focus of the foregone conclusion exception must be on the information that the government seeks to compel (i.e., the passcode), not the evidence that the compelled testimony ultimately leads to. *See Pollard*, 287 So. 3d at 657–663, 664–67 (Winokur, J., dissenting, and concurring in part and dissenting in part on motion for rehearing and certification). In other words, where the State has obtained a search warrant for material contained on a cellphone and seeks to compel the phone's passcode, it is irrelevant for Fifth Amendment purposes whether the State can identify the material with particularity. Instead, for the foregone conclusion exception to apply, the State must prove "that it knows with reasonable particularity that the passcode exists, is within the accused's possession or control, and is authentic." *Id.* at 665–66 (quoting *State v. Stahl*, 206 So. 3d 124, 136 (Fla. 2d DCA 2016)). Because the State established these facts here, Petitioner is not entitled to relief.

Because *Pollard* is the law in this district, we are obligated to apply it here. I agree with the majority that *Pollard* does not provide relief. I also concur in the decision to certify conflict with *Stahl* and to certify questions of great public importance.

---

9

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee; and Gilbert A. Schaffnit of Law Offices of Gilbert A. Schaffnit, Gainesville, for Petitioner.

Ashley Moody, Attorney General; and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Respondent.