582 So.2d 162 (1991)
CITY OF FORT LAUDERDALE, a Municipal Corporation, Appellant,
v.
FRATERNAL ORDER OF POLICE, LODGE NO. 31, Raymond L. Sullivan, Christopher Schuller, Donald Hammond and Stephen G. DeNigris, Appellees.
No. 90-2906.
District Court of Appeal of Florida, Fourth District.
July 10, 1991.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and Gordon D. Rogers and Elizabeth S. Syger, Miami, for appellant.
Mark Richard, Miami and B.J. Cummins, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.[*]
PER CURIAM.
The City of Fort Lauderdale [City] has filed a notice of appeal or in the alternative a petition for a writ of certiorari seeking review of an order entered by the circuit court below in an arbitration matter arising out of a labor dispute involving public employees. We have previously entered an order (a) finding that the appropriate showing had not been made to invoke our certiorari jurisdiction, and (b) directing the City to show cause whether this appeal is untimely or premature. Both parties have filed appropriate responses which we have reviewed.
Contrary to the City's argument, we conclude that the order under review is not a final appealable order under Section 682.20, Florida Statutes (1989). The order vacates a prior arbitration award and directs a rehearing of the subject arbitration before a new arbitrator; it is, therefore, interlocutory in nature. Indeed, it has been expressly held that such an order is a non-appealable, interlocutory order, as only "[a]n order vacating an [arbitration] award *163 without directing a rehearing" is a final appealable order under Section 682.20(1)(e), Florida Statutes (1989) (former Section 57.29). Carner v. Freedman, 175 So.2d 70 (Fla. 3d DCA 1965). This being so, it necessarily follows that the City's motion for rehearing did not stay rendition of the order appealed from under Fla.R.App.P. 9.020(g) as such motion was unauthorized under Fla.R.Civ.P. 1.530(a), (b), and that the notice of appeal filed more than thirty days after the rendition of said order was untimely. See, e.g., Wagner v. Bieley, Wagner & Assoc., 263 So.2d 1 (Fla. 1972); Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982); Reilly v. Hyster, 307 So.2d 202 (Fla. 4th DCA 1975). However, because the order under review is itself a non-appealable, interlocutory order whether the notice was timely filed or not, we dismiss the instant appeal on this basis alone, without prejudice to the City to take a timely appeal from an adverse final order when entered below in this cause.
Appeal dismissed.
NOTES
[*] Panel appointed to serve as judges of the District Court of Appeal of Florida, Fourth District, in this cause by orders of the Chief Justice of the Florida Supreme Court dated March 26, 1991 and April 11, 1991.