868 So.2d 1292 (2004)
Don ZABAWA, Appellant/Cross-Appellee,
v.
Gaeton "Guy" Della PENNA, Lee A. Siler, et al., Appellees/Cross-Appellants.
No. 5D03-1466.
District Court of Appeal of Florida, Fifth District.
April 8, 2004.
Opinion filed April 8, 2004.
Richard A. Stephens, Boca Raton, for Appellant/Cross-Appellee.
William T. Kirtley of William T. Kirtley, P.A., Sarasota, for Appellees/Cross-Appellants.
PER CURIAM.
Appellant sought to confirm an arbitration award pursuant to section 682.12, Florida Statutes (2002). Although confirming the award as to persons not involved in this appeal, the lower court vacated the award as to Appellees and remanded the cause back to the arbitration authority for a new arbitration hearing before new arbitrators. Appellant seeks to invoke this court's jurisdiction pursuant to Article V, section 4(b)(1), of the Florida Constitution, and rule 9.030(b)(1)(A), Florida Rules of Appellate Procedure, which authorize appeals from final orders. The order at issue here, however, as it relates to these Appellees, is a non-final order and is therefore not appealable on this basis. Central Florida Police Benevolent Ass'n, Inc. v. City of Orlando, 614 So.2d 1203 (Fla. 5th DCA 1993); City of Fort *1293 Lauderdale v. Fraternal Order of Police, Lodge No. 31, 582 So.2d 162 (Fla. 4th DCA 1991). The fact that the order is labeled "Second Amended Final Judgment" does not control. It is the substance of the order, not the label affixed to it, that determines its nature for purposes of section 4(b)(1) and rule 9.030(b)(1)(A). Boyd v. Goff, 828 So.2d 468 (Fla. 5th DCA 2002).
Appellant alternatively asks that we treat his Notice of Appeal as a petition for writ of certiorari pursuant to rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure. As a condition precedent to invoking a district court's certiorari jurisdiction, however, the petitioning party must establish that it has suffered an irreparable harm that cannot be remedied on direct appeal. Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998). Appellant's claim of irreparable harm is the fact that he will expend time and money on an unnecessary arbitration. This is an insufficient showing of irreparable harm to justify certiorari review. See Stoever v. Vedder Homes, Inc., 697 So.2d 1247, 1248 (Fla. 5th DCA 1997).
Accordingly, the appeal is dismissed. Appellees' cross-appeal, which challenges the same order, is likewise dismissed for the same reasons.
SHARP, W., MONACO and TORPY, JJ., concur.