898 So.2d 1129 (2005)
LOEWENSTEIN, INC., Appellant,
v.
John DRAHEIM, as agent and principal of the Beirman/Draheim Partnership, Appellee.
No. 4D04-3005.
District Court of Appeal of Florida, Fourth District.
March 30, 2005.
Scott A. Forman and Patrick F. Martin of Littler Mendelson, P.C., Miami, for appellant.
Kevin J. Fitzsimmons and John N. Cain, Jr. of Mandelbaum & Fitzsimmons, P.A., Tampa, for appellee.
GROSS, J.
Loewenstein, Inc. seeks review of an order setting aside an arbitration award pursuant to section 682.13(1)(c), Florida Statutes (2004). Because this order is a non-appealable, non-final order, we dismiss the appeal.
Loewenstein manufactures and distributes furniture. Through a sales representative *1130 agreement, Loewenstein hired John Draheim as an agent on a commission basis to handle the sale and promotion of its products in Florida.
In August, 1998, Loewenstein shipped more than $2 million in products to the Tampa Bay Buccaneers football team. Draheim sought a commission, arguing that he had an exclusive right to sell Loewenstein's products in Florida. Draheim filed suit against Loewenstein seeking an accounting and damages for breach of contract.
A circuit court in Hillsborough County granted Loewenstein's motion to compel arbitration and ordered that an arbitration be held in Broward County. The arbitrator ordered that Draheim "take nothing" in the arbitration, and indicated that the award was "in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied."
Loewenstein moved to confirm the arbitrator's award and for entry of final judgment. Among the motions filed by Draheim was one to vacate the arbitration award. At a hearing before the circuit court, the parties argued their respective interpretations of the arbitration award. The trial court vacated the arbitration award and found that "jurisdiction for the remaining issues" rested with the circuit court.
The order for which Loewenstein seeks review is a non-appealable, non-final order. It is an order vacating an arbitration award, not one determining "the entitlement of a party to arbitration" under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Although section 682.20(1)(c), Florida Statutes (2004), provides that "[a]n appeal may be taken from ... an order confirming or denying confirmation" of an arbitration award, such a "legislative jurisdictional grant" violates Article V, Section 4(b)(1) of the Florida Constitution. See Crawford v. Dwoskin, 729 So.2d 520, 521 (Fla. 3d DCA 1999); City of Tallahassee v. Big Bend PBA, 703 So.2d 1066, 1069 (Fla. 1st DCA 1997); Health Care Assocs., Inc. v. Brevard Physicians Group, P.A., 701 So.2d 118, 119 (Fla. 5th DCA 1997). That section of the constitution permits district courts of appeal to review non-final orders only to "the extent provided by rules adopted by the supreme court." Art. V, § 4(b)(1), Fla. Const. No rule of the supreme court authorizes review of an order vacating an arbitration award. Such a decision becomes subject to review in a district court of appeal upon entry of a final judgment. Health Care Assocs., 701 So.2d at 119.
Nor is the order here at issue an appealable, final order. The order contemplates that additional judicial work will occur. See City of Tallahassee, 703 So.2d at 1069. Certiorari jurisdiction is not appropriate because Loewenstein has not suffered an irreparable harm that cannot be remedied on direct appeal. See Johnson v. Levine, 736 So.2d 1235, 1238 (Fla. 4th DCA 1999); Zabawa v. Penna, 868 So.2d 1292, 1293 (Fla. 5th DCA 2004).
Appeal dismissed.
STONE and HAZOURI, JJ., concur.