PER CURIAM.
T. Stevens Felger, M.D. and North Florida Surgeons, P.A. (Surgeons), defendants in a medical malpractice action brought by Susan Mock, petition for a writ of certiorari. Surgeons asks us to quash a trial court order that vacated an arbitration award, and remanded for another round of arbitration. We grant the writ, quash the trial court’s order, and remand for further proceedings.
When Ms. Mock sought medical treatment in July 2006, she signed a document entitled “North Florida Surgeons Financial Agreement” (Agreement). It provided that any negligence claim relating to her diagnosis, treatment, or care would be resolved by binding arbitration pursuant to the Florida Arbitration Code, Chapter 682, Florida Statutes. Later, Ms. Mock filed a complaint in circuit court alleging medical negligence. Surgeons responded with a motion to compel arbitration pursuant to the Agreement, which the trial court granted.
A three-member arbitration panel heard the merits of the claim and found in favor of Surgeons and against Ms. Mock. The arbitration award recited that “[a]ccording to the evidence presented, none of the witnesses could say with certainty how the injury occurred.” Ms. Mock asked the trial court to vacate the arbitration award and order a rehearing before another arbitration panel. Surgeons requested confirmation of the arbitration award.
The trial court granted Ms. Mock’s motion to vacate the arbitration award and ordered that the dispute be submitted to another arbitration panel for a second arbitration. See § 682.13(l)(c), Fla. Stat. (2009) (“Upon application of a party, the court shall vacate an award when ... [t]he arbitrators ... exceeded their powers.”); § 682.13(3), Fla. Stat. (2009) (“In vacating the award ..., the court may order a rehearing before new arbitrators chosen as provided in the agreement or provision for arbitration.”). The trial court ruled that the arbitration panel had “gone beyond the scope of its powers under the arbitration agreement” by modifying the burden of proof so that “it would be almost impossible to recover any damages.”
Surgeons has clearly shown that the order is a departure from the essential requirements of law. Section 682.13(1), Florida Statutes (2009), sets forth the only grounds upon which an arbitration award in a statutory arbitration proceeding may be vacated: (a) the award was procured by corruption, fraud or other undue means; (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; (c) the arbitrators exceeded their powers; (d) the arbitrators refused to postpone the hearing when sufficient cause was shown, refused to hear evidence material to the controversy, or conducted the hearing contrary to the provisions of section 682.06 (regarding notice and entitlement to present evidence); or (e) there was no agreement or provision for arbitration. In the absence of one of these five factors, neither the trial court nor this court has the authority to overturn the arbitration award. See § 682.13(1), Fla. Stat. (2009) (“But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for *627 vacating or refusing to confirm the award.”). See also Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1328 (Fla.1989).
Ms. Mock relies on ground (c), arguing the arbitration panel exceeded its powers under the arbitration agreement by applying an incorrect burden of proof. Application of an incorrect standard, however, has consistently been rejected as a basis for vacating an award under section 682.13(l)(c). See City of Tallahassee v. Big Bend Police Benevolent Ass’n, 710 So.2d 214, 215 (Fla. 1st DCA 1998) (“Assuming, without deciding, that the application of the preponderance of evidence standard was required, the arbitrator’s use of the stricter standard is not a basis for vacating the arbitrator’s decision under section 682.13(1), Florida Statutes (1995).”). See also Schnurmacher, 542 So.2d at 1329 (rejecting argument that arbitrator exceeds his power under section 682.13(l)(c) if the arbitrator “departs from the accepted rule of law” and holding that, absent a showing that the arbitrator went beyond the authority granted by the parties or the operative documents and decided an issue not pertinent to the resolution of the issue submitted to arbitration, an “award cannot be vacated under section 682.13(l)(c)”); Commercial Interiors Corp. of Boca Raton v. Pinkerton & Laws, Inc., 19 So.3d 1062, 1064 (Fla. 5th DCA 2009) (“[I]t appears that the trial court simply disagreed with the arbitrator’s application of the law to the facts of this case. That, however, is not a sufficient basis to set aside this arbitration proceeding.”); Computer Task Grp., Inc. v. Palm Beach Cnty., 782 So.2d 942, 943 (Fla. 4th DCA 2001) (“[T]he arbitrator had the authority to award damages under the contract. Even if he made an error of law in awarding some of the damages, a point we do not decide, we do not review his errors of law, if any.”); Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1020 (Fla. 4th DCA 1999) (“An arbitration award may not be set aside for mere errors of judgment either as to the law or as to the facts. If the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment.” (citations omitted)).
There is no indication in this case, and the trial court did not find, that the arbitration panel went beyond the authority granted by the parties or the Agreement or decided issues that were not pertinent to the resolution of the issues submitted. “The fact that the relief granted is such that it could not or would not be granted by a court of law or equity is not a ground for vacating or modifying the award.” Prudential-Bache Sec., Inc. v. Shuman, 483 So.2d 888, 889 (Fla. 3d DCA 1986). Because the arbitration award in favor of North Florida Surgeons was within the arbitrators’ authority, the award operates as a final and conclusive judgment. See Charbonneau, 727 So.2d at 1020; Verzura Constr., Inc. v. Surfside Ocean, Inc., 708 So.2d 994, 996 (Fla. 3d DCA 1998). The trial court therefore departed from the essential requirements of law when it vacated the arbitration award. See Fuller v. Truncale, 50 So.3d 25, 27 (Fla. 1st DCA 2010), review denied, 59 So.3d 110 (Fla.2011) (“To demonstrate a departure from the essential requirements of the law, the petitioner must show ‘the trial court made an error so serious that it amounts to a miscarriage of justice.’ ” (quoting State v. Smith, 951 So.2d 954, 958 (Fla. 1st DCA 2007))).
The dissent questions whether the trial court order is reviewable at this time. *628 But circuit court involvement at this juncture of arbitration proceedings is not authorized, except under limited circumstances not applicable here.* The effect of an order vacating an arbitration award and ordering a rehearing before another arbitration panel is the same as that of an order granting a motion for new trial, and review is warranted for the same reasons which underlie review by appeal of an order granting a motion for new trial. Moreover, the situation is capable of repetition while avoiding review — if a trial court again disagrees with the arbitrators’ award, it can again order a new arbitration proceeding before a new panel of arbitrators even if no statutory ground for vacating the award exists.
The petition for writ of certiorari is granted, and the order under review is quashed.
DAVIS and THOMAS, JJ., concur.
BENTON, C.J., Dissents With Opinion.

 See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327, 1329 (Fla. 1989) (noting that to "allow judicial review of the merits of an arbitration award for any reasons other than those” specifically enumerated in the Arbitration Code undermines the "integrity of the arbitration process as a means of alternative dispute resolution.”).