VAN NORTWICK, J.
Julian E. Hurt, David L. Saint, and Charles P. Murrah, seek certiorari review of the trial court’s order which vacated an arbitration award and directed the parties to a new round of arbitration. Because we find that the petitioners have established entitlement to certiorari relief, we grant their petition and quash the trial court’s order.
*171 Petitioners and respondent, Thomas J. Bixler II, are medical doctors and were general partners in the Heart Surgery Center. The partnership agreement provided that a partner could be expelled from the partnership with cause upon the unanimous vote of the other partners. The partnership agreement also provided that any dispute relating to the partnership must be submitted to arbitration under the Florida Arbitration Code.
In February 2010, petitioners notified respondent by letter that he was expelled from the partnership for cause. Respondent filed a complaint which alleged that petitioners expelled him for insufficient and unjust cause, and requested the circuit court to order arbitration and appoint an arbitrator. The circuit court ordered arbitration of the dispute and outlined the process for arbitrator selection and review of the arbitrator’s decision and the circuit court’s final judgment.
The parties mutually agreed to appoint William E. Bond, Jr., as arbitrator following an examination of potential sources of conflicts of interest, and the circuit court entered an order appointing Bond. Bond presided over the arbitration proceedings and later issued an arbitration award. Bond made factual findings related to whether there was sufficient and just cause to dismiss Dr. Bixler from the partnership, including that Dr. Bixler’s competence and capability were questioned only to the extent impacted by his use of alcohol, he had been arrested in 2007 and 2010 for alcohol-related incidents, which were publicized, embarrassing to the partnership, and, at least in regard to the 2007 incident, caused certain referring physicians to cease sending patients to the partnership. Bond also found that Dr. Bixler was scheduled to be on-call the day after his 2010 incident.
During the arbitration hearings, petitioners submitted several reasons why they expelled Dr. Bixler, although Bond found that his alcohol abuse was the “most significant factor,” and that “but for the 2010 DUI incident, [petitioners] would have tolerated their issues with [Dr. Bix-ler]” until he retired in two years. Bond noted each of the petitioners testified that Dr. Bixler’s alcohol consumption made them worry that another incident could occur, since the problem was plainly not under control, which would cause further embarrassment, or that respondent’s alcohol consumption would carry over to his medical duties, exposing the partnership to enormous liability. Ultimately, Bond concluded that petitioners had just and sufficient cause to expel Dr. Bixler.[1]
After the award was entered, counsel for Dr. Bixler researched Bond on the Internet and discovered that, years earlier, Bond’s son had been involved in a serious traffic accident, from which he suffered major injuries, where the other driver was a naval flight surgeon named Houghton. Further research revealed that Houghton was intoxicated at the time of the accident, and that Bond, on behalf of his son, brought suit against Houghton’s estate, litigation of which lasted for several years and included an appeal to this court. See Houghton v. Bond, 680 So.2d 514 (Fla. 1st DCA1996).
Dr. Bixler filed a motion to vacate the arbitration award based, in part, on Bond’s failure to disclose this prior incident, which respondent asserted gave rise to a possible bias on Bond’s part, since the issue in arbitration included acts of drinking and *172 driving by Dr. Bixler. The parties submitted affidavits, memoranda of law, and oral arguments to the circuit court on the motion to vacate. At a second hearing, the circuit court announced that it was “granting] the motion to vacate based solely on the arbitrator’s failure to advise both sides of these facts concerning his son and the litigation.” The circuit court stated that the failure to disclose “affects the whole process.” The court stated that it was persuaded by Dr. Bixler’s argument that the situation was congruent to disqualification of a judge and cause dismissal of a juror. The court opined that the duty to disclose is especially important where an arbitrator is deciding the facts of a case, and that neither party waived their right to object to the arbitrator because neither party knew about the non-disclosed event. The court entered a written order vacating the arbitration award for the reasons stated at the hearing and instructed the parties to essentially begin the arbitration process anew. This petition ensued.

Certiorari Jurisdiction to Review the Petition

“The certiorari jurisdiction of district courts of appeal may be sought to review: (A) non-final orders of lower tribunals other than as prescribed by rule 9.130.” Fla. R. App. P. 9.030(b)(2)(A). Florida Rule of Appellate Procedure 9.130(a)(3) describes the non-final orders that may be appealed to the district courts of appeal. An order vacating an arbitration award and remanding for renewed arbitration is not listed in Rule 9.130(a)(3), and is therefore non-appealable. Because petitioners are unable to obtain review through appeal of the circuit court’s order to vacate, we consider whether petitioners have properly invoked this court’s certiora-ri jurisdiction. See AVCO Co'i'p. v. Neff, 30 So.3d 597, 601 (Fla. 1st DCA 2010) (“Cer-tiorari is the proper remedy, in limited circumstances, to review a non-final order that is not subject to appeal under Florida Rule of Appellate Procedure 9.130.”).
To obtain a writ of certiorari quashing the order of a lower tribunal, “the petitioner must demonstrate that the order is a departure from the essential requirements of law thereby causing irreparable injury which cannot be remedied on appeal following final judgment.” Heartland Express, Inc., of Iowa v. Torres, 90 So.3d 365, 367 (Fla. 1st DCA 2012) (citation and internal quotation omitted). A reviewing court should initially determine whether a petitioner has established irreparable harm before considering whether the lower tribunal departed from the essential requirements of the law. AVCO, 30 So.3d at 601.

IiTeparable Injury Not Remediable on Appeal

In Felger v. Mock, 65 So.3d 625, 626 (Fla. 1st DCA 2011), we granted a petition for writ of certiorari and quashed a circuit court’s order vacating an arbitration award. Mock, the plaintiff during arbitration, argued that the arbitration panel had exceeded its authority by applying an incorrect burden of proof; the circuit court accepted Mock’s contention and vacated the award under section 682.13(l)(c), Florida Statutes. Id. Upon review, however, we observed that “Application of an incorrect standard [by the arbitrator(s) ] ... has consistently been rejected as a basis for vacating an award under section 682.13(l)(c),” effectively eliminating the sole basis upon which the circuit court’s order to vacate rested. Id. at 627. We also held that “[i]n the absence of one of these five factors [listed in section 682.13(1) ], neither the trial court nor this court has the authority to overturn the arbitration award.” Id. at 626.
*173 In determining whether Felger established that he had suffered harm that could not be remedied on direct appeal, we analogized an order vacating an arbitration award to an order granting a new trial, and stated that review of the former was warranted for the same reasons as the latter. Id. at 628. We reasoned that the situation presented by an order vacating an arbitration award is capable of repetition while avoiding review, because the circuit court could simply continue to vacate subsequent arbitration awards and order new arbitration, even if none of the statutorily enumerated grounds for vacating an arbitration award existed. Id.
Although not referenced in Felger, the Fourth District had reached a different result under similar facts in Loewenstein, Inc. v. Draheim, 898 So.2d 1129 (Fla. 4th DCA 2005). In Loewenstein, the appellant appealed a circuit court’s order vacating an arbitration award. Id. at 1130. The appellate court determined that an order vacating an arbitration award was “a non-appealable, non-final order,” and that “[n]o rule of the supreme court authorizes review of an order vacating an arbitration award. Such a decision becomes subject to review in a district court of appeal upon entry of final judgment.” Id. The court further found that the order was not “an appealable, final order” because additional judicial labor is contemplated and required. Id. Perhaps most informative for purposes of the present case, the Fourth District held that “[c]ertiorari jurisdiction is not appropriate because [the appellant] has not suffered an irreparable harm that cannot be remedied on direct appeal.” Id.
Respondent relies on Loewenstein to support his contention that jurisdiction does not lie to allow this court to review the instant petition. However, the language in Loewenstein discussing the applicability of certiorari review to orders vacating arbitration awards is dicta, because the case involved an appeal, not a petition for certiorari. Further, to the extent that Loewenstein conflicts with our decision in Felger, Felger is controlling precedent in this district.[2]

Departure from the Essential Requirements of the Law

“A ruling constitutes a departure from the essential requirements of the law when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ The term ‘clearly established lavd refers to ‘recent controlling case law, rules of court, statutes, and constitutional law.’ ” State, Dep’t of Revenue ex rel. Camley v. Lynch, 53 So.3d 1154, 1156 (Fla. 1st DCA 2011) (citations omitted).
Section 682.13(1), Florida Statutes (2010)[3] provides:
*174 (1) Upon application of a party, the court shall vacate an award when:
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or umpire or misconduct prejudicing the rights of any party.
The proper interpretation and application of section 682.13(l)(b) appears to be a case of first impression in this district. Both parties rely primarily on Brandon Jones Sandall Zeide Kohn Chalal & Mus-so, P.A. v. Beasley & Hauser, P.A., 925 So.2d 1142 (Fla. 4th DCA 2006). There, the Fourth District reviewed an appeal of a trial court’s order denying a motion to vacate an arbitration award under section 682.13(l)(b). Id. at 1143. The appellants urged the trial court to vacate because one of the arbitrators on the three-member arbitration panel represented a third-party on an unrelated1 matter; the appellees, who were attorneys, also represented the third-party on certain aspects of the unrelated matter. Id. at 1144. The arbitrator and the appellee-attorneys had contacts concerning potential litigation for the third-party on the unrelated matter; the arbitrator did not disclose these contacts and they were apparently not discovered by the appellants until after the arbitration award was entered. Id. Following an evidentiary hearing on the appellants’ motion to vacate the award, the trial court denied the motion, concluding that the doctors had failed to meet their burden of showing evident partiality on the part of the arbitrator in question and rejecting the appellants’ contention “that they were entitled to vacatur as a matter of law upon a showing of a mere appearance of partiality.” Id. at 1144-45. The trial court found that the arbitrator and the appellee-attorneys provided the third-party legal advice on different matters, were not consultants or co-counsel for the third-party, there was no evidence that the arbitrator was predisposed to rule for either party, and there was no indication that the arbitrator was biased or prejudiced in his role on the panel. Id. at 1144.
The Fourth District affirmed the trial court’s ruling, declaring that section 682.13(l)(b) “require[s] the complaining party to prove evident partiality prejudicing the rights of the party ... the partiality of the neutral must be obvious and plain and must be shown to have unfairly affected the rights of the complaining party.” Id. at 1145 (emphasis in original). The reviewing court went on to clarify its earlier decision in Boyhan v. Maguire, 693 So.2d 659 (Fla. 4th DCA 1997) by explaining, “[wjhat Boyhan really seeks to make clear is that the particular circumstance that a party relies on to show evident partiality must be something that logically would reasonably tend to tilt the decision of the arbitrator.” Id. at 1146. Applying the statute to the facts, the Fourth District found that the arbitrator’s “undisclosed contacts do not demonstrate an obvious case of bias, and there is nothing showing that the contacts prejudiced the outcome in any way. The evidence of the client doctors at best shows that any tendency of the contacts to bias was insignificant and was outweighed by a neutrality that was far more real.” Id.
The parties additionally cite RDC Golf of Fla. I, Inc. v. Apostólicas, 925 So.2d 1082 (Fla. 5th DCA 2006), which was favorably cited by the Brandon Jones court. Brandon Jones, 925 So.2d at 1145. In RDC, *175 the Fifth District examined numerous state and federal cases to determine the appropriate standard for assessing motions to vacate an arbitration award under 682.13(l)(b). RDC, 925 So.2d at 1092-95. The RDC court determined that “the ‘reasonable impression of partiality’ standard” was the appropriate test, which consists of judging whether the complaining party “made a showing through credible evidence, giving rise to a ‘reasonable impression of partiality’ that was ‘direct, definite, and capable of demonstration,’ as distinct from a ‘mere appearance’ of bias that was remote, uncertain, and speculative.” Id. at 1095.
Here, the circuit court stated that there was nothing in the arbitration award that suggested an evident bias in Bond’s decision-making. The circuit court concluded, without referencing any specific portion of the arbitration award or any particular comments made by arbitrator Bond during arbitration, that Bond’s failure to disclose “affects the whole process,” and granted respondent’s motion to vacate solely on that basis. The circuit court stated that if Bond had disclosed the prior incident involving his son, it would have denied the motion and, presumably, certified the arbitration award. The circuit court found this situation analogous to scenarios involving judicial disqualification and dismissal of jurors for cause, and stated that these facts would have been grounds for judicial recusal or disqualification and for cause dismissal of a juror.
While the circuit court’s analogy may be apt, there is no mention in the court’s oral pronouncement or written order that Bond did anything “obvious and plain” to demonstrate his partiality. Brandon Jones, 925 So.2d at 1145. Rather, the circuit court inferred, first, that Bond would, because of the experience with his son, be biased against people associated with drinking and driving, and, second, that his purported partiality caused him to decide this case against respondent, who had been involved in drinking and driving incidents. To the extent that the circuit court concluded there was evident bias based on these stacked inferences, such stacking suggests that the bias was more “remote, uncertain, and speculative,” rather than “direct, definite, and capable of demonstration.” RDC, 925 So.2d at 1095.
The trial court also noted that Bond’s comment, “drinking and driving has consequences,” is generally accepted as true and unexceptionable. However, the court found that, when the statement was viewed in connection with the accident Bond’s son endured, the arbitration award was rendered unsustainable. Yet, Bond’s comments in the arbitration award relate to his determination of petitioners’ reasons for expelling respondent from the partnership. The statements are not Bond’s extraneous commentary on drinking and driving; rather, they are characterizations of petitioners’ feelings about respondent and his alcohol related problems, and petitioners’ views as to the consequences to the partnership if respondent, whose behavior the evidence showed to be uncorrected, was allowed to continue as a partner. The statements referenced by the circuit court are drawn directly from the evidence, and relate to the issue of whether petitioners believed they had just cause to expel respondent under the partnership agreement.
Even if the circuit court was correct in finding that evident bias existed, respondent must also establish that the perceived bias prejudiced his rights. Respondent argues that his rights were prejudiced because he was prohibited from objecting to Bond’s appointment at the beginning of the arbitration. That argument appears to have been implicitly rejected by the Bran *176 don Jones court, which, instead of holding that a non-disclosure inherently taints the arbitration process, read the statute as requiring the reviewing court to ask whether the alleged bias “unfairly affected the rights of the complaining party.” Brandon Jones, 925 So.2d at 1144.
By vacating the arbitration award and remanding for additional arbitration, the circuit court deprived petitioners of an award to which they were entitled, and future arbitration may render an entirely different result. Therefore, by failing to apply the proper test provided by the applicable version of section 682.13(l)(b) and interpreting case law, which resulted in vacatur of the arbitration award, the circuit court departed from the essential requirements of the law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003) (“[C]learly established law can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law. Thus, in addition to case law dealing with the same' issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review.”).
. Accordingly, we GRANT the petition for writ of certiorari, QUASH the trial court’s order vacating the arbitration award, and REMAND for further proceedings. We also recognize and certify direct conflict between both our decisions here and in Felger v. Mock, 65 So.3d 625 (Fla. 1st DCA 2011), and Zabawa v. Penna, 868 So.2d 1292 (Fla. 5th DCA 2004), reh’g denied (holding that a party could not obtain certiorari review of an order vacating an arbitration award pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A) because time and money expended on additional arbitration does not equate to irreparable harm that cannot be remedied on direct appeal).
MARSTILLER and RAY, JJ., concur.

. The arbitration award also addressed a second issue, concerning respondent’s compensation for capital contributions to the partnership, which is unrelated to the instant petition for certiorari.

. Although Felger v. Mock, 65 So.3d 625 (Fla. 1st DCA 2011), controls the question in this district of whether an order vacating an arbitration award causes irreparable harm based on error which cannot be remedied on appeal after entry of a final order, for the reasons explained in Judge Benton's dissent in Felger, we believe that Felger is wrongly decided on such issue. See Felger, 65 So.3d at 628 (Benton, C.J., dissenting). Here, in our view, any harm caused by the order under review can be remedied on direct appeal of a final order in this case. See Loewenstein, Inc. v. Dra-heim, 898 So.2d 1129, 1130 (Fla. 4th DCA 2005); Zabawa v. Penna, 868 So.2d 1292, 1293 (Fla. 5th DCA 2004).

. The current version of the statute was amended during the most recent legislative session and now reads:
(1) Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if:
(b) There was:
1. Evident partiality by an arbitrator appointed as a neutral arbitrator;
2. Corruption by an arbitrator; or
*174 3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.
Ch. 2013-232, § 24, Laws of Fla.