# Third District Court of Appeal

## State of Florida

Opinion filed October 7, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1099
Lower Tribunal No. 11-4024
_____

**Miami-Dade County,**
Petitioner,

vs.

**Adrian King,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Gill S. Freeman, Judge.

R.A. Cuevas, Jr., Miami-Dade County Attorney, and Eric Rodriguez and William X. Candela, Assistant County Attorneys, for petitioner.

David H. Charlip, for respondent.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

PER CURIAM.

Upon consideration, we conclude that this court lacks jurisdiction, and dismiss the petition for writ of certiorari. See Lowenstein, Inc. v. Draheim, 898 So. 2d 1129 (Fla. 4th DCA 2005) (dismissing appeal of order vacating arbitration award as one taken from a nonfinal, nonappealable order, and noting that certiorari jurisdiction is not appropriate because Lowenstein had not suffered irreparable harm that could not be remedied on direct appeal); Zabawa v. Penna, 868 So. 2d 1292 (Fla. 5th DCA 2004) (dismissing petition for writ of certiorari from order vacating arbitration award because petitioner could not show irreparable harm irremediable on direct appeal). Contra Felger v. Mock, 65 So. 3d 625 (Fla. 1st DCA 2011) (granting certiorari review of order vacating arbitration award, analogizing said order to one granting a motion for new trial). But see Heart Surgery Center v. Bixler, 128 So. 3d 169, 173 n.2 (Fla. 1st DCA 2013) (the panel acknowledged that Felger is the controlling authority within the First District and authorized certiorari review of an order vacating an arbitration award, but observed that "for the reasons explained in Judge Benton's dissent in Felger [65 So. 3d at 626], we believe that Felger is wrongly decided on such issue. . . . Here, in our view, any harm caused by the order under review can be remedied on direct appeal of a final order in this case.")