# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-4382

———————————————

AMALGAMATED TRANSIT UNION,
LOCAL 1579,

    Petitioner,

    v.

CITY OF GAINESVILLE,

    Respondent.

———————————————

Petition for Writ of Certiorari—Original Jurisdiction.

February 15, 2019

WOLF, J.

Amalgamated Transit Union, Local 1579 (Union), seeks certiorari review of a trial court order vacating an arbitration award and remanding the matter for a new arbitration before a different arbitrator. We find that we have jurisdiction, grant the petition, and quash the trial court's order. We also certify conflict with the Third, Fourth, and Fifth Districts, which have determined that appellate courts do not have jurisdiction over a petition for writ of certiorari seeking review of a trial court order vacating an arbitration award and ordering a new arbitration.

## FACTS

In 2015 the City of Gainesville (City) terminated the employment of a bus driver, who was a member of the Union, for

slapping the hands of passengers on two separate occasions in violation of two of the City's Rules. The Union filed a grievance with the City, and the parties ultimately submitted the matter to a mutually selected arbitrator.

At the arbitration hearing, both parties presented evidence including videos of the two incidents, witness testimony, the driver's employment records, and the City's policies and rules. The arbitrator issued his ruling in November 2016, finding the driver had not violated either Rule and ordering the City to reinstate the driver with back pay.

In February 2017, the City filed a petition to vacate the arbitration award in the circuit court. The circuit court held an evidentiary hearing and found the arbitrator displayed evident partiality by finding the driver did not violate the Rules and improperly commenting on the age and demeanor of the passengers involved in the altercations. The court also found that the arbitrator exceeded the scope of his authority by rendering an award beyond the scope of the collective bargaining agreement. The circuit court ordered the parties to undergo a new arbitration proceeding before a different arbitrator. The Union filed a petition for writ of certiorari in this court challenging that ruling.

STANDARD OF REVIEW

It is well settled that to obtain a writ of certiorari, a party must show there is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Reeves v. Fleetwood Homes of Florida, Inc.*, 889 So. 2d 812, 822 (Fla. 2004) (quoting *Bd. of Regents v. Snyder*, 826 So. 2d 382, 387 (Fla. 2d DCA 2002)). The irreparable harm requirement is jurisdictional, and if a petitioner fails to establish irreparable harm, then the appellate court must dismiss the petition. *See Loewenstein, Inc. v. Draheim*, 898 So. 2d 1129, 1130 (Fla. 4th DCA 2005) (dismissing petition for writ of certiorari because the petitioner failed to establish irreparable harm).

We have jurisdiction, as we have previously held that a trial court's order vacating an arbitration award and remanding the matter for a new arbitration constitutes irreparable harm. *Heart Surgery Ctr. v. Thomas J. Bixler, II, M.D., P.A.*, 128 So. 3d 169 (Fla. 1st DCA 2013); *Felger v. Mock*, 65 So. 3d 625 (Fla. 1st DCA 2011). As we stated in *Felger*, an order vacating an arbitration award and ordering a rehearing before another arbitration panel has the same effect as an order granting a motion for new trial and warrants review for the same reasons. 65 So. 3d at 628.

Three of our sister courts have held that certiorari jurisdiction does not exist to review a trial court's order vacating an arbitration award and requiring the parties to undergo another arbitration proceeding. *Miami-Dade Cty. v. King*, 176 So. 3d 373, 374 (Fla. 3d DCA 2015); *Loewenstein*, 898 So. 2d at 1130; *Zabawa v. Penna*, 868 So. 2d 1292 (Fla. 5th DCA 2004).

Each of these cases appear to be based, in part, on the idea that the time and expense of additional proceedings is not the type of irreparable harm that is required to invoke the certiorari jurisdiction of an appellate court. We certify conflict with these cases and reject their holdings for three reasons.

First, requiring a party to go through a second evidentiary proceeding is qualitatively different from simply requiring a party to continue with an initial merits proceeding. A second merits proceeding requires potentially unnecessary repetition and may result in inconsistent determinations that would call into question a trial court's proper role in reviewing an arbitration reward. In *Felger*, we correctly analogized a trial court order vacating an arbitration award and mandating a second arbitration with an order granting a motion for new trial. 65 So. 3d at 627-28. More is involved than simply the time and expense of additional proceedings.

Second, while case law has rejected the idea that an order vacating an arbitration award and requiring an additional arbitration is a final appealable order, such as in *City of Fort Lauderdale v. Fraternal Order of Police, Lodge No. 31*, 582 So. 2d 162, 162–63 (Fla. 4th DCA 1991), no more judicial labor needs to

be done in relation to a vacated final arbitration award, regardless of whether it is sent for a new arbitration. Any further judicial labor on the part of the trial court will be directed to the second arbitration proceeding. Thus, while precedent prevents us from reviewing the trial court's order as an appealable final order, it should be subject to some form of review by an appellate court.[1]

Finally, petitioner persuasively argues that by not providing for some review of trial court orders vacating an arbitration award and ordering a new arbitration, we are not providing deference to the alternative dispute resolution process. Florida has long held that arbitration is a contracted for agreement that ensures an alternative to litigation designed to limit litigation and promote finality. *See, e.g., Visiting Nurse Ass'n of Florida,*

---

[1] All of the federal circuit courts that have addressed this issue have held they have jurisdiction to review a federal district court's order vacating an arbitration award and remanding the case for a new arbitration. *Sanchez v. Elizondo*, 878 F.3d 1216, 1219 (9th Cir. 2018); *Bull HN Info. Sys., Inc. v. Hutson*, 229 F.3d 321, 328 (1st Cir. 2000); *Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20*, 208 F.3d 610, 612–13 (7th Cir. 2000); *V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 914 (3d Cir. 1994); *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992); *Forsythe International, S.A. v. Gibbs Oil Company of Texas*, 915 F.2d 1017 (5th Cir. 1990). However, the federal appellate courts reached this conclusion based on the statutory language of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, not on inherent powers or jurisdiction over specific writs. *Sanchez*, 878 F.3d at 1219-20. The federal statute differs from Florida's statute in that it permits an appeal to be taken from an order modifying, correcting, or vacating an arbitration award under 9 U.S.C. § 16(a)(1)(E), whereas section 682.20(1)(f), Florida Statutes, specifically allows "an appeal from an order vacating an award without directing a rehearing." While federal law is not controlling, it is a persuasive example of how courts can better protect the arbitration process with direct, rather than protracted, appellate review.

*Inc. v. Jupiter Med. Ctr., Inc.*, 154 So. 3d 1115, 1135-36 (Fla. 2014). Requiring parties to undergo an additional evidentiary procedure without appellate review would thus frustrate the entire stated point of arbitration: limited litigation and finality.

Accordingly, providing certiorari review in the limited circumstances where a trial court has clearly departed from the essential requirements of the arbitration statute not only protects the contractual agreement reached between parties in a specific case, but also supports the rationale behind the use of arbitration as an alternative form of dispute resolution.

DEPARTURE FROM THE ESSENTIAL REQUIREMENTS OF THE LAW

To establish that a trial court has departed from the essential requirements of the law, a party must show "the trial court made an error so serious that it amounts to a miscarriage of justice." *Fuller v. Truncale*, 50 So. 3d 25, 27 (Fla. 1st DCA 2010) (quoting *State v. Smith*, 951 So. 2d 954, 958 (Fla. 1st DCA 2007)). "A ruling constitutes a departure from the essential requirements of the law when it amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice. The term clearly established law refers to recent controlling case law, rules of court, statutes, and constitutional law." *Heart Surgery Ctr.*, 128 So. 3d at 173 (citing *Dep't of Revenue ex rel. Carnley v. Lynch*, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011)).

In Florida, circuit courts are required to vacate an arbitration award if:

(a) The award was procured by corruption, fraud, or other undue means;

(b) There was:

1. Evident partiality by an arbitrator appointed as a neutral arbitrator;

2. Corruption by an arbitrator; or

3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to s. 682.06, so as to prejudice substantially the rights of a party to the arbitration proceeding;

(d) An arbitrator exceeded the arbitrator's powers;

(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing; or

(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in s. 682.032 so as to prejudice substantially the rights of a party to the arbitration proceeding.

§ 682.13(1)(a)-(f), Fla. Stat.

In the absence of one of the above numerated factors, courts are without authority to overturn an arbitration award. *See Schnurmacher Holding, Inc. v. Noriega*, 542 So. 2d 1327, 1328 (Fla. 1989). Moreover, a trial court may not vacate an arbitration award for mere errors of judgment an arbitrator has made as to the law or as to the facts of a case. *Visiting Nurse Ass'n of Florida, Inc.*, 154 So. 3d at 1134.

In the instant case, the trial court vacated the arbitration award for two reasons: the arbitrator demonstrated evident partiality and the arbitrator exceeded his powers.

### *Evident Partiality*

The correct test for weighing an arbitrator's evident partiality "consists of judging whether the complaining party made a showing through credible evidence, giving rise to a reasonable impression of partiality that was direct, definite, and capable of demonstration, as distinct from a mere appearance of bias that was remote, uncertain, and speculative." *Heart Surgery Ctr.*, 128 So. 3d at 175 (quoting *RDC Golf of Fla. I, Inc. v.*

*Apostolicas*, 925 So. 2d 1082, 1095 (Fla. 5th DCA 2006)). A trial court's failure to use the correct test in judging the partiality of the arbitrator and the failure to correctly interpret case law constitutes a departure from the essential requirements of law. *Heart Surgery Ctr.*, 128 So. 3d at 176.

In this case, the trial court utilized, in part, an "outrageous findings" standard that has been used in some federal cases. *United Indus. Workers, Serv., Transp., Prof'l Gov. of N. Am. of Seafarers' Intern. Union of N. Am., Atl., Gulf, Lakes & Inland Waters Dist. AFL-CIO, (Local No. 16) on Behalf of Bouton v. Gov. of Virgin Islands*, 987 F.2d 162, 171 (3d Cir. 1993); *Holodnak v. Avco Corp., Avco-Lycoming Div., Stratford, Connecticut*, 381 F. Supp. 191, 199 (D. Conn. 1974), *aff'd in part, rev'd in part*, 514 F.2d 285 (2d Cir. 1975).

The outrageous findings standard has not been adopted in Florida as a distinct reason for vacating an award. In some cases the language of an arbitration award may provide evidence of partiality that could permit a court to vacate an arbitration award. However, we decline to adopt that standard here as it could impermissibly lead to trial courts reevaluating factual findings and legal conclusions. *See Visiting Nurse Ass'n of Florida, Inc.*, 154 So. 3d at 1134. Such reevaluations occurred in this case. The arbitrator's challenged remarks related to the demeanor and actions of the alleged victims, matters that were clearly relevant to the lawfulness of the driver's actions during the incidents.[2] While the trial court disagreed with the

---

[2] The trial court objected to the arbitrator's characterization of the passenger in the first incident as "an embittered, angry old woman who was mad at the world and spoiling for a verbal fight before she even boarded the bus," who was "childish and obnoxious." The trial court also found it outrageous that the arbitrator described the passenger in the second incident as "an already angry male passenger who got on the bus fussing at the driver, and who was also looking for trouble." While the arbitrator's remarks may be somewhat intemperate, the gist of the remarks concerning the demeanor of the passengers was arguably supported by inferences the arbitrator could have made from the video recordings of the incidents provided to him.

arbitrator's characterization of the evidence, the remarks did not demonstrate partiality toward a particular party.

Accordingly, the trial court did not employ the correct legal standard and thus departed from the essential requirements of law.

However, even if the circuit court had used the correct legal standard, it still departed from the essential requirements of the law by reweighing the facts of the case and concluding that the arbitrator employed the incorrect legal standard. Neither of these reasons constitute a valid basis for overturning an arbitration award under section 682.13. *Id.*

*Excess of Authority*

A trial court departs from the essential requirements of the law when it erroneously concludes that an arbitrator has exceeded his authority. *Fegler*, 65 So. 3d at 627. If an arbitration award is within the scope of the parties' collective bargaining agreement, a trial court cannot vacate the award on the basis that the arbitrator exceeded his authority. *Id.* It bears repeating that a trial court may not vacate an arbitration award for mere errors of judgment an arbitrator has made as to the law or as to the facts of a case. *Visiting Nurse Ass'n of Florida, Inc.*, 154 So. 3d at 1134.

Here, the second reason the trial court vacated the arbitration award was because it found the arbitrator exceeded his authority by rendering an award that was beyond the scope of the collective bargaining agreement. Specifically, the trial court found that the arbitrator: (1) ignored the plain language of the rules petitioner was alleged to have violated; (2) struck the words "unlawful" and "improper" from one of the city's disciplinary rules, declined to apply Florida's criminal law to petitioner's claim of self-defense, and failed to follow his own factual findings; and (3) ignored the specific penalty provision contained in the city's disciplinary code by finding that although petitioner committed violations of the code, those violations were not serious enough to warrant dismissal.

The record does not support the trial court's determinations. The parties' collective bargaining agreement states that Union employees are subject to the City's disciplinary code, and both parties agree that the arbitrator was required to determine whether the driver's conduct violated that code. The driver was alleged to have violated Rules 17 and 19, which pertain to the offenses of "fighting, provoking or instigating a fight" and "immoral, unlawful, or improper conduct or indecency, whether on or off the job which would tend to affect the employee's relationship to his/her job, fellow workers' reputations or goodwill in the community."

The arbitrator correctly quoted both rules in the award, found the driver acted in defense of herself and the other passengers while operating the bus, and explicitly found that the driver had not acted unlawfully or improperly. The arbitrator ultimately concluded that the driver had not violated either rule, and therefore the City had no justified basis to fire her.

The arbitration award was clearly within the scope of the arbitrator's authority, and the trial court's order constituted an impermissible review of the arbitrator's factual findings and application of the law. *Visiting Nurse Ass'n of Florida, Inc.*, 154 So. 3d at 1134. As such, the trial court's order was a departure from the essential requirements of law.

The petition for writ of certiorari is granted and the order under review is quashed.

BILBREY, J., concurs; KELSEY, J., concurs in part and dissents in part with opinion.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

KELSEY, J., concurring in part and dissenting in part.

9

I concur in the majority's resolution of the jurisdictional issue and in the certification of conflict. I respectfully dissent from the merits disposition, and would deny the petition. The circuit court did not err in interpreting the City's Code of Conduct and the arbitration agreement; or in concluding that the arbitrator demonstrated bias by, at a minimum, going beyond the objectively-observable record facts and basing the decision on speculation as to the non-record feelings, motivations, and personalities of those involved in the underlying incidents. On this record, the circuit court correctly vacated the award.

_____

Eric Jacob Lindstrom of Egan, Lev, Lindstrom & Siwica, P.A., Orlando, for Petitioner.

Thomas M. Gonzalez and Melissa Torres of Thompson, Sizemore, Gonzalez & Hearing, P.A., Tampa, for Respondent.