# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1811

_____

DJD INVESTMENTS OF FLORIDA
II, LLC, a Florida limited
liability company, and
COTTONDALE INVESTMENTS OF
FLORIDA II, LLC, a Florida
limited liability company,

     Petitioners,

     v.

W - ACQ. VACATION RENTALS
NORTH AMERICA, LLC, a
Delaware limited liability
company,

     Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.


March 13, 2024


KELSEY, J.

Petitioners seek our certiorari review of the trial court's order dismissing their counterclaim in a commercial landlord-tenant dispute. Petitioners are the Landlords, while Respondent is the Tenant. Landlords assert that we have certiorari jurisdiction because the trial court's ruling has the potential to deprive them

of their preferred measure of damages. We dismiss the petition for lack of certiorari jurisdiction, and set forth the context in some detail because it informs the jurisdictional question.

Tenant vacated the leased premises with a few days remaining in the original twenty-year lease term and ten years remaining in an extended lease term that a predecessor-in-interest had exercised. Tenant claimed justification to revoke the lease extension and vacate the premises because the Landlords allegedly had improperly failed to complete a full roof-replacement after roof leaks were merely repaired for several years beginning in 2017. As Tenant was aware, Landlords had been trying to secure a roof-replacement contract for some time (during COVID). Landlords got the roof replacement contract about a month before the original lease term ended, and so advised Tenant. But Tenant vacated the premises anyway, considering the Landlords' efforts "too little, too late."

Tenant filed a declaratory-judgment action two days before the end of the original lease term, seeking a ruling on whether it had the right to revoke the previously exercised ten-year lease extension. In the second count of the complaint, Tenant sued in the alternative for breach of contract damages including rent paid while the building was allegedly untenantable, costs of moving out, and attorneys' fees and costs. The prayer for relief requested as an alternative that the court terminate the lease and award compensatory damages.

Landlords answered, denying that Tenant had any right to revoke the already-renewed ten-year lease extension. Landlords also counterclaimed for damages, including unpaid rent beginning in December of 2021 and continuing through the remaining ten-year-extended lease term.

Tenant moved to dismiss the counterclaim in its entirety, arguing in pertinent part that Landlords had failed to "resume possession and re-lease or rent" the building, which Tenant argued was required under the damages terms of the lease, which provide as follows:

18.     If any rent required by this lease is not paid by the beginning of the following month, LESSOR has the option to:

(a) Terminate this lease, resume possession of the leased property for his own account, and recover immediately from LESSEE, the balance of the Lease amount due for the remainder of the term, of the Lease.

(b) Resume possession and re-lease or rent the property for the remainder of the term for the account of LESSEE, and recover from LESSEE, at the time each payment of rent comes due under this lease, the difference between the rent specified in the lease and the rent received on the re-leasing or renting.

In either event LESSOR may also recover all expenses incurred by reason of the breach, including reasonable attorney's fees, whether or not suit may be filed, and if so, at trial and upon appeal.

After a hearing, the trial court granted the motion to dismiss the Landlords' counterclaim, specifying that the flaw lay solely in the claim for damages, thus:

5. Defendants have twenty (20) days from the date of this Order to file an Amended Counterclaim, if they so choose, for breach of the Lease based on the non-payment of rent. If Defendants file an Amended Counterclaim for breach of the Lease based on the non-payment of rent, then Defendants' Amended Counterclaim must explicitly assert what remedy, either Lease Section 18(a) or Lease Section 18(b), Defendants are attempting to state a claim for breach of the Lease based on the non-payment of rent. The Court is not deciding at this time whether Lease Section 18(a) or Lease Section 18(b) are enforceable provisions under Florida law.

Landlords did not attempt to amend their prayer for relief, but rather moved for reconsideration. They argued that, notwithstanding the damages clauses in the lease, they retained

3

the common-law right to sue for nonpayment of rent each time it comes due, without retaking possession or terminating the tenancy. We have no transcript of the pertinent hearing, and the trial court denied reconsideration in an unelaborated order.

Because Landlords have not demonstrated that the harm alleged cannot be remedied on appeal, we lack certiorari jurisdiction and must dismiss. To be sure, we have constitutional authority to issue writs of certiorari. *See* Art. V, § 4(b)(3), Fla. Const. We also have certiorari jurisdiction over certain "nonfinal orders of lower tribunals" that cannot be appealed. *See* Fla. R. App. P. 9.030(b)(2)(A) (recognizing certiorari jurisdiction); *see id.* at 9.130(a) (limiting nonfinal appeals to specified categories of orders for which the Florida Supreme Court has authorized this remedy). But, while the trial court's order at issue here is not among the authorized categories of appealable nonfinal orders, the lack of a remedy by nonfinal appeal does not automatically give rise to certiorari jurisdiction.

Our certiorari jurisdiction is quite narrow. This common-law writ "is not intended to redress mere legal error . . ." *M.M. v. Fla. Dep't of Child. & Fams.*, 189 So. 3d 134, 138 (Fla. 2016). The kind of error that will support certiorari review is "exceptional"—such as lower court action without jurisdiction or in excess of jurisdiction. *Kauffman v. King*, 89 So. 2d 24, 26 (Fla. 1956). Certiorari jurisdiction exists only for orders that create a material injury that will continue for the remainder of the trial court proceedings, for which relief through post-judgment appeal is unavailable. *Fla. Fish & Wildlife Conservation Comm'n v. Jeffrey*, 178 So. 3d 460, 465 (Fla. 1st DCA 2015). If the order in question does not meet this jurisdictional threshold, we must dismiss with no further analysis. *Id.*; *see also Amalgamated Transit Union, Local 1579 v. City of Gainesville*, 264 So. 3d 375, 378 (Fla. 1st DCA 2019) (noting dismissal is mandatory absent irreparable harm).

The order challenged here does not fall within this very narrow category. Possibly, the present difficulty could have been forestalled with an order merely striking the claim for damages with leave to re-plead. Nevertheless, the trial court's order expressly identifies the issue as limited to Landlords' theory of damages, and expressly authorizes Landlords to amend their

claim within one of the two damages options specified in the parties' lease. They have not done so, leaving us a record insufficient to demonstrate irremediable harm. If they amend their claim, or otherwise proceed to a judgment that they believe compromises their damages, they have available the remedy of a plenary appeal. *See Jeffrey*, 178 So. 3d at 465. They prematurely speculate about issues not yet pleaded and injuries not yet sustained.

Landlords also argue entitlement to certiorari review because their counterclaim is "inextricably intertwined" with Tenant's claims. They rely on cases in which improper severance or bifurcation of issues caused counterclaims to become moot, *see, e.g.*, *U.S. Bank Nat'l Ass'n for CSFB Heat 2006-7 v. Tranumn*, 247 So. 3d 567, 570–72 (Fla. 1st DCA 2018); and argue that if Tenant prevails in its claims, their counterclaim becomes moot. They also rely on one case from outside this district granting certiorari where a counterclaim was dismissed. *See Burke v. Windjammer Barefoot Cruises*, 972 So. 2d 1108 (Fla. 3d DCA 2008) (involving dismissal of a counterclaim that was already pending in another case in another jurisdiction). These cases are inapposite. While it may be true that Tenant's prevailing on liability would moot Landlords' claim for damages, that result would not be attributable to Landlords' theory of damages, but rather to the absence of Tenant's liability in the first place. As to any such judgment at the end of the litigation, Landlords can appeal and present their arguments about both liability and damages. In this posture, we lack certiorari jurisdiction. *See Mendez v. W. Flagler Fam. Ass'n, Inc.*, 303 So. 2d 1, 5 (Fla. 1974); *Campbell v. Gordon*, 674 So. 2d 783, 785 (Fla. 1st DCA 1996).

DISMISSED.

ROWE and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Lindsey Lawton of Lawton Law, PLLC, Tallahassee, for Petitioners.

Frances G. De La Guardia of Holland & Knight, LLP, Miami, and Joshua R. Levenson and Suzanne M. Aldahan of Holland & Knight, LLP, Fort Lauderdale, for Respondent.